## TAYLOR ET AL. V. TRULOCK ET AL.

1. **Evidence:** TO VARY WRITTEN INSTRUMENT. The terms of a mortgage cannot be varied by showing that there was an understanding at the time of its execution that a further agreement should be executed between the parties, providing that property covered by the mortgage should be released therefrom in case it was sold by the mortgagor.

*Appeal from Des Moines District Court.*

TUESDAY, MARCH 22.

THIS action is brought to recover the amount of two promissory notes, each for the sum of $2,250, and to foreclose a mortgage executed to secure them.

The defendants answered as follows: " Your defendants say that said mortgage did not truly represent the true contract between the parties in these particulars: That said mortgage, by omission and mistake, fails to contain a provision that said, mortgagee would release the same as to any portions of the lands sold and take the securities therefor, and thereby enable the defendants to realize from the land included in the mortgage; that when defendants signed said mortgage the plaintiff's attention was called to said omission, and he then assured the defendants that the matter would be provided for, or made all right, and relying upon such assurance defendants consented to sign and execute the same." The defendants pray that the mortgage may be reformed so as to express the original intention of the parties. The plaintiffs replied denying all the allegations of the answer. The court entered a judgment in favor of the plaintiffs for the amount of the notes, and decreed a foreclosure of the mortgage. The defendants appeal.

*Hall & Huston* and *T. J. Trulock,* for appellants.

*J. & S. K. Tracy,* for appellees.

DAY, J.—Respecting the execution of the mortgage T. J. Trulock, one of the defendants, testifies as follows: "We went

1. EVIDENCE: to vary written instrument.

to Judge Smyth's * * * * * to write up these papers. We were there three or four times before we got matters fixed up. When the mortgage and notes were signed, myself, Judge Smyth and David Pierson were present. Don't remember Taylor being there at that time. He was there one time. Judge Smyth was acting for one John Taylor, and had been through the entire litigation. When the mortgage was made, I told Smyth one important matter was omitted from the mortgage. He asked what. I said there is no provision in the mortgage by which I can be permitted to dispose of any of the land, and I was afraid Taylor would take advantage of it. This was before the mortgage was signed by me. I don't recollect exactly what his remark was, but it was to the effect that we need not alter it, we will make it all right. I said we can fix that by your giving me another writing if you will, after this is over. He suggested again it will be all right. He then said the matter was under his control, and it would be fixed right away, he would attend to it in accordance with our agreement." David Pierson, although present when the mortgage was executed, does not testify as to the circumstances attending its execution. The following interrogatories and answers appear in the testimony of Smyth: "Was there anything said or any agreement made at any of these negotiations, by which the defendants, or either of them, were to have the privilege of selling these lands, and that Mr. Taylor was to release the lien of his mortgage on any part that they would sell? I know of no contract or agreement that was not reduced to writing at the time. State whether there was any dissatisfaction expressed by either of these defendants to the contract as shown by this deed? None whatever that I know of or remember. State whether or not Mr. Trulock said anything to you about his reserving the right to sell this land under the mortgage, and that he objected to signing the mortgage unless he had

.the right to sell? No sir; if there was any thing of that kind said I have no recollection of it; my recollection of it is that every thing was satisfactory, and that the parties felt comfortable that it was arranged as it was. State whether or not Mr. Trulock asked you to give him an additional writing, authorizing him to sell this, or part of this land when he could get an opportunity? If he did I do not remember it; I think I should remember it if anything of that kind should have occurred."

From the testimony introduced on behalf of the defendants, it clearly appears that they fully understood what was embraced in the mortgage, and knew .that it did not bind the mortgagee to release from the operation of the mortgage portions of the land of which they might effect sales. This case is not one where by mistake a stipulation is omitted from a written ·contract, which the parties supposed it contained; nor is it one where by ignorance, or mistake of the law, the written contract fails to embody the terms of an oral agreement before entered into. It is simply a case where the parties execute a written contract with full knowledge of its terms and legal effect, and seek to vary its terms and change its effect by parol proof of a contemporaneous agreement. The proof offered cannot be brought within any of the recognized exceptions to the rule that parol contemporaneous evidence is not admissible to contradict or vary the terms of a valid written instrument. The admission of ·the evidence offered in this case would violate every principle of the rule. In *Taylor v. Galland*, 3 G. Greene, 17, one of the authorities cited by the appellants, the following language is employed: " The principle is well settled that where a written agreement has been executed between parties, and manifestly purports to be an entirety—presenting a perfect contract concerning the subject matter thereof, it is the best evidence of what was agreed on by the contracting parties. Such an agreement, when executed, cannot be modified, varied or contradicted by parol evidence of stipulations and agreements in regard to the

same subject matters, made before or contemporaneous with the execution of such a written contract. * * * . The presumption is that if anything more or less than such contract contains had been agreed upon, at the time or before, it would have been included therein, if the contracting parties meant to be bound thereby."

These views as to the competency of the testimony offered by the defendants render it unnecessary that we should consider its weight. We may say, however, that if its admissibility were conceded, it fails, in our opinion, to establish the fact alleged in that clear and satisfactory manner which cases of this kind require.

AFFIRMED.