## BIGELOW V. WILSON.

1. **Contract:** IN TWO PARTS: CONSTRUCTION. Two contracts which are separate in form, but in fact are only parts of the same contract, are to be construed together.

2. ———: PAROL EVIDENCE TO AFFECT WRITING: RULE STATED AND APPLIED. Parol evidence is admissible when necessary to understand or apply the language of a written contract, but not when it is sought thereby to establish a contract at variance with the writing. (See opinion for citations.) Accordingly, where a written assignment read as follows: "I * * * do hereby sell, assign and transfer to * * * all my right, title and interest and claim to a mechanic's lien, as set forth and claimed by me in the above-entitled suit," and a collateral contract read: "It is understood that the assignment does not include [certain] subsidy notes," *held* that parol evidence might have been admitted (if necessary) to show the relation of the subsidy notes to the claim for a mechanic's lien,—as that they were held as collateral security for a part of it,—but was not admissible to show that the notes were a part of the claim assigned, and that they were excepted from the assignment,—which was absolute, and of the whole claim.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FILED, MAY 21, 1889.

ACTION to recover from the defendant as a stockholder in the Des Moines, Osceola and Southern Railroad Company. There was a judgment for the plaintiff, and the defendant appeals.

*F. F. Dawley* and *Wm. G. Clark,* for appellant.

*Cummins & Wright,* for appellee.

GRANGER, J.—On the first day of April, 1885, M. H. King commenced a suit in the district court of Madison county against the Des Moines, Osceola and Southern Railroad Company to establish a claim and mechanic's lien for about fifteen thousand dollars. On the ninth day of April, 1885, King executed to R. T. Wilson & Co. an assignment in the following words, viz.: "I, M. H. King,

plaintiff in the above-entitled cause, in consideration of the sum of ninety-three hundred dollars ($9,300) to me in hand paid by R. T. Wilson & Co., of the city of New York, do hereby sell, assign and transfer to said R. T. Wilson & Co., all my right, title and interest and claim to a mechanic's lien, as set forth and claimed by me in the above-entitled suit, and in the petition and amended petition filed therein, and do hereby authorize the said R. T. Wilson & Co. to prosecute said suit in my name, or to have their own names substituted as plaintiffs in said cause, as they may elect. I further authorize the said R. T. Wilson & Co. to prosecute my said claim and lien to judgment for their own use and benefit exclusively, in any court they may see fit, and to cause execution to be issued therefor, and collect the same for their sole use and benefit, either in my name or in the name of the firm of R. T. Wilson & Co., as they may elect." At the same time R. T. Wilson & Co. executed to King the following: "It is understood that the assignment made by M. H. King to R. T. Wilson & Co., of mechanic's lien against the Des Moines, Osceola and Southern Railroad Company does not include subsidy notes taken by King, and now with the Des Moines National Bank, in the sum of about six thousand dollars." R. T. Wilson (defendant) was a member of the firm of R. T. Wilson & Co. In February, 1887, King obtained a judgment in the district court of Clark county, Iowa, against said railroad company, for $6,684.69, and this judgment is based upon a part of the claim on which suit was instituted in Madison county, and which was, as appears on the face of the assignment, transferred to R. T. Wilson & Co. The judgment thus obtained was in February, 1887, assigned by King to this plaintiff. R. T. Wilson was the owner of fifteen hundred shares of stock in the Des Moines, Osceola and Southern Railroad Company, for which he was indebted to the company; and, an execution having been issued and returned unsatisfied as against the company, this suit was brought to recover of the defendant as a stockholder, under the provisions of the statute.

I. With our view of. the case, the only question demanding consideration arises upon the construction of the contract of assignment, by which King transferred to R. T. Wilson & Co. the mechanic's lien involved in the Madison county proceedings. It is the contention of the appellee that the contract on its face does not fully express the understanding of the parties, and that parol evidence is necessary and permissible to aid the court in that respect. While the contract is in two parts, counsel agree that it is but a single contract, and should be so construed, and of that we think there is no doubt. The district court seemed to take appellee's view of the contract, and, against the objections of the appellant, permitted the introduction of testimony tending to show that the subsidy notes referred to in the contract were only held by him as collateral security for about six thousand dollars of the fifteen-thousand-dollar claim involved in the Madison county suit, and claimed by defendant by virtue of the assignment; and that, as to the amount so secured by the subsidy notes, there was no assignment. In other words, that only a part of the mechanic's lien claim was assigned. The language of the assignment in this respect is very decisive, and we think conclusive. It is : "I * * * do hereby sell, assign and transfer to said R. T. Wilson & Co. all my right, title and interest and claim to a mechanic's lien, as set forth and claimed by me in the above-entitled suit, and in the petition and amended petition therein." The language thus far unmistakably embraces the entire claim, including the part put in judgment in the Clark county suit. How is this affected by the other part of the contract? It reads: "It is understood that the assignment * * * does not include subsidy notes taken by King, and now in the Des Moines National bank, in the sum of about six thousand dollars." The query is, will the court allow such a contract to be so changed by parol evidence as to show that the notes were collateral to a part of the claim, and that such part was not assigned? To do so is to do violence to the language used. It is an assignment of all his interest, made in

the most positive form.    The reference to the notes in
the contract shows that they bear some relation to the
subject-matter of the assignment, and we think it clear
that the parties intended by the second part of the con-
tract to dissolve that relationship, whatever it might be.
Conceding that they were held as security, that security
was released.    The notes were left to King.    The first part
of the contract assigns all of the mechanic's lien claim;
the second part exempts from the assignment the notes
in the bank.    The notes are no part of the mechanic's
lien or claim for which it is security.    The language
used is very natural language to discharge the notes from
any connection in the assignment, but it is very unnatural
language to overcome the plain and unequivocal state-
ments in the first part of the contract.    If the notes
were held as security for the debt assigned, the assign-
ment of the debt would carry with it the securities, and
the language as to the notes was necessary to avoid such
a result.    If the rule contended for by the appellee is
to prevail, then, merely by way of construing the con-
tract, a radical and inconsistent change is made in its
language.    Instead of an assignment of all, as in terms
expressed, it is made an assignment of part, and that
without a word in the writing having a remote reference
to such a purpose.    There is not a word of technical or
doubtful significance in the contract.    Under familiar
rules, if necessary, parol testimony would be competent
to show the relation of the notes to the claim assigned,
—as that they were held as security therefor,—and that
would in no sense contradict or vary the contract in
writing, and might enable the court to apply the sub-
ject-matter of inquiry; but the rule does not go further,
and permit it to contradict the writing..  The contention
in this case, as in many others to which we are referred,
is, is the testimony offered necessary to understand or
apply the language of the written. contract, or does it
seek to establish one at variance with what is written?
If the former, it is permissible; if the latter, it is not.
The authorities cited support this rule, as well as many
others.    *Stapleton v. King,* 33 Iowa, 30; *Allen v. Bryson,*

67 Iowa, 595; *Cash v. Hinkle*, 36 Iowa, 624; *Marks v. Mill and Elevator Co.*, 43 Iowa, 147; *Hutton v. Maines*, 68 Iowa, 650; *Taylor v. Trulock*, 55 Iowa, 448. The elementary authorities are in accord with this rule. We think the admission of testimony tending to show that a part of the mechanic's lien claim did not pass by the assignment was error.

II.   The third instruction to the jury is in harmony with the court's view in admitting testimony, and leaves to the jury the question as to whether or not the entire claim was assigned, which, under the foregoing views, we hold to be erroneous. With this holding it seems unnecessary to notice other questions presented. The judgment of the district court is

REVERSED.