## HUTTON v. MAINES.

1. **Contract:** EVIDENCE: PAROL TO VARY WRITING. Action on an order for lightning-rods to be furnished and erected. Defendant admitted that the rods had been furnished and erected as per contract, but alleged that the contract was an oral one, corresponding, however, with the one sued on, except in the amount to be paid for the rods and work. Defendant admitted the execution of the written order, but alleged that it was agreed at the time that the rods should be furnished and erected under the oral contract, and that the written order should be used by plaintiff only as a means of securing other orders from defendant's neighbors. *Held*, that evidence of the alleged oral contract could not be admitted.—ROTHROCK and BECK, JJ., *dissenting*, on the ground that the written contract was void as being against public policy, and that oral evidence was admissible to establish that fact.

2. ———: PERFORMANCE: ADMISSION BY CONDUCT. Where certain work was to be done according to the terms of a written contract, and defendant made no objection to the work when done, but offered to pay the price which he alleged he was to pay for it, *held* that proof of such facts was sufficient evidence of performance, in an action to recover on the contract.

3. **Mechanic's Lien:** FORECLOSURE: FACTS TO BE PROVED. In an action to foreclose a mechanic's lien, where there was a general denial of the petition, it was incumbent on the plaintiff to prove that the buildings on which the improvements were made were situated on the land described in the statement and affidavit filed in the clerk's office, and that the defendant was the owner of the land; and such facts were not proved by the introduction of the statement and affidavit.

*Appeal from Cass District Court.*

THURSDAY, APRIL 22.

PLAINTIFF brought this action in equity to recover the price of certain lightning-rods which he alleges he furnished and erected upon defendant's dwelling-house and barns, under a written contract, and to foreclose a mechanic's lien therefor. The district court entered judgment in accordance with the prayer of plaintiff's petition. Defendant appeals.

*Charles S. Fogg,* for appellant.

*L. L. De Lano,* for appellee.

REED, J.—I. Plaintiff alleges that he furnished the materials and performed the work for which he seeks to recover

1. CONTRACT: evidence: parol to vary writing.

under a written contract, of which the following is a copy:

" ORDER FOR ERECTION OF RODS.

" *Mr. Tostevin, Agent for J. W. Hutton*—SIR: Erect or deliver, at your earliest convenience, your Franklin lightning-rods on my house and two barns; three points, two ground-rods, on each building, in accordance with the scientific rules as printed on the back of this order. And I agree to settle for the same, upon completion of work, by cash, or note due in eighteen months, at forty cents per foot for the rods, (including eight feet for each brace and self-irrigating tube at same price,) and $3.50 each for platinum tipped points. No charge for guaranty.

[Signed] " HENRY MAINES."

Defendant admits that he entered into a contract with plaintiff for the purchase of lightning-rods which were to be erected upon his dwelling-house and barns; but he alleges that said contract was in parol, and that, by its terms, he was to pay $62 for said rods; and that plaintiff was to take

the old rods then on his buildings in payment of $37 of said amount. He also admits that he signed said instrument of writing, but he denies that it was either signed or delivered as an evidence of the agreement between the parties. He avers, also, that his signature to said instrument was obtained by fraud. He alleges that plaintiff's agent, with whom he made said parol contract, represented to him that he desired to use said written instrument as an advertisement of his business, and that it would be greatly to his advantage to have it known in the community that defendant, who had resided there for a long time, and was well known to the people, had contracted with him for the purchase of lightning-rods; also, that the instrument would in no manner affect the parol contract, but that the rods contracted for would be erected under the parol agreement; and he avers that he was induced by these representations and promises to sign the instrument, and leave it in the hands of said agent. The rods and points placed upon the buildings amount, at the prices named in the writing, to $187.40. The parol evidence given on the trial establishes the allegations of the answer as to the representations and promises under which defendant signed and delivered the written instrument, so that, if the defense which he seeks to establish is available to him, and can be established by parol evidence, there is no failure in the proof. We think, however, that defendant is not entitled, under the law, to make such defense, and that the parol evidence is incompetent. It is proper to say here that there is no claim that defendant was in any manner deceived or misled as to the contents of the instrument which he signed. By its terms, the instrument is an express agreement by defendant to buy the rods and points, and to pay forty cents per foot for the latter, and he knew when he signed it that it contained these provisions, and he admits that it expresses the real contract which the parties entered into in every particular, except as to the price which he was to pay for the property. His proposition now

is to prove by parol that the instrument was signed and delivered for a purpose entirely different from that expressed in it; that while, by its terms, it appears to be a contract between the parties with reference to a subject about which they actually contracted, it was not intended by them as the evidence of their agreement. We think it entirely clear that this cannot be done. The parties having deliberately declared in the instrument that it was executed for one purpose, they cannot be permitted to show by parol that it was executed for an entirely different object; and defendant, having deliberately agreed in writing to pay the prices named for the property, cannot be permitted to prove by parol that his undertaking was different. The rule which forbids this is elementary, and we need not cite authorities sustaining it. It may be that defendant was induced by misrepresentations of plaintiff's agent to bind himself to pay a greater price for the property than he intended to pay; but he signed and delivered the instrument with knowledge of its contents. Whatever of hardship there is in the case is the result of his own indiscretion, and the courts cannot set aside the settled rules of the law to protect men from the consequences of their folly.

II. It is insisted that there was no sufficient evidence of the performance by plaintiff of his undertakings in the contract. It is shown that he erected lightning-rods on the buildings; but the order calls for "Franklin lightning-rods," and directs that they be erected in compliance with certain scientific rules which were printed on the back of the order, and there was no direct evidence that the rods erected were the Franklin rods, or that they were erected in accordance with said rules. It is shown, however, that defendant was present when the work was performed, and that after it was finished he and the foreman of the party who performed it attempted to make a settlement therefor. Defendant offered to pay the amount which he claimed was due under the parol contract, and

2. ———: performance: admission by conduct.

refused to pay more. As stated above, defendant admits that the provisions of the parol contract were the same, except as to the price he was to pay, as those expressed in the writing. His offer to pay the price which he claims he agreed to pay must be taken as an admission that the rods erected were of the kind contracted for, and that the work was performed in the manner provided for in the contract.

III. It is alleged in the statement and affidavit which plaintiff filed for the purpose of preserving his mechanic's lien that the buildings upon which the lightning-rods were erected were situated on certain described lands, and that defendant owned such lands.

3. MECHANIC'S lien: foreclosure: facts to be proved.

Under the issue, plaintiff was required to establish his right to the foreclosure of the lien. He introduced in evidence the statement and affidavit; but made no proof that the buildings were situated on the lands described therein, or that defendant owned the lands described. He was not entitled to a foreclosure of the lien on this proof. Defendant's answer contained a general denial of the allegations of the petition. This put upon plaintiff the burden of proving every material allegation in his petition. He was required to establish every fact essential to his recovery. That the buildings were situated on the land described in the affidavit and statement, and that defendant was the owner of the land, were facts essential to his right to a foreclosure of the lien. But neither of these facts could be proven by this statement and affidavit. The decree foreclosing the mechanic's lien will therefore be reversed; but the judgment for the amount of the account will be affirmed.

MODIFIED AND AFFIRMED.

ROTHROCK, J., dissenting.—I think the judgment and decree in this case should be reversed. The issue is fairly made that the contract was entered into by the parties for a corrupt and fraudulent purpose. The evidence shows, without conflict, that the written order was signed by the defend-

ant and put into the possession of the agent of the plaintiff to enable him to use it as a representation to induce others to give similar orders. In other words, it plainly appears that the parties entered into a fictitious writing to enable the plaintiff to use it as a false representation to others to procure them to make like orders in the belief that the order in suit was valid and binding between the parties thereto. A lightning-rod agent knows just how he could corruptly and fraudulently impose upon the friends and acquaintances of the defendant, armed as he was with this fraudulent agreement. It seems to me such a contract is clearly and palpably against the policy of the law, and its fraudulent character may be shown by extrinsic evidence. "Parol evidence may be offered to show that the contract was made for the furtherance of objects forbidden by law, whether it be by statute or by an express rule of the common law, or by the general policy of the law. * * *" Greenl. Ev., § 284. And "a deed, on its face just and righteous, may be vitiated and avoided by alleging and adducing extrinsic evidence to prove that it was founded on a consideration, or had a view or purpose, contrary to law or public policy." Kerr, Fraud & M., 388. It is a fundamental rule that contracts of this character cannot be enforced. The law will leave the parties thereto as it finds them, and will not afford relief to either of them.

BECK, J., concurs in this dissent.