Given, J.
I. Upon the trial the defendant objected to the plaintiff proving the acts and declarations of one i. contract: actso'fagent:: evidence. Howell, on the ground that- there was no evidence tending to show that Mr. Howell bad any authority to bind the defendant; which objections were overruled, and the ruling is assigned as error.
The evidence shows without controversy that Howell was secretary of the defendant company; tliat he was on the ground most of the time the trees were being delivered and set out; that he selected, from at least a part of the tree's brought to the ground, those to be planted and those rejected. Surely this was such evidence of authority as to entitle the plaintiff to prove his acts and "declarations with respect to the trees.
*666 The appellant’s contention is that if all the officers of the defendant company had been present, and made no objection to the trees, it would not show a performance of the contract, unless the plaintiff had furnished the kind of trees, and set them in the manner called for. It is a sufficient answer to say that the acts and declarations of those acting for the company were admissible, and proper to be considered, in deciding whether the trees furnished and set out were as required by the contract.
II. The court submitted two special findings as follows: “Did the plaintiff under his contract set out _,_. ‘ practico/ instructions to ^ndin|seGial and plant in proper manner twelve hundred deciduous trees of the kind and quality ^ v referred to by the contract between plaintiff and defendant? ” “ Did the plaintiff contract to furnish and plant twelve hundred first-class trees, of the reasonable market value of one dollar each ? ’ ’ The jury were instructed to “ be careful that the answers to these interrogatories support and are in harmony with your general verdict.” The record shows that, after an hour’s deliberation, the jury returned into court and inquired, whether, in case they should find for the defendant in their general verdict, they should answer both interrogatories in the affirmative, or one in the affirmative and one in the negative ? To this the court replied, that they must determine that question, and again read to them the instruction before given. There was clearly no error in this action of the court. The caution given the jury was timely, and tended to direct them to a careful consideration of the facts, and the necessity of consistency in their findings and verdict. Special findings are often the cause of much perplexity to juries, especially, as is sometimes the case, when they are numerous, and requested rather for the purpose of confusing, than of making- clear, that about which they are investigating.
III. The plaintiff’s agreement was not only to furnish, but also to plant, the trees. In the first *667 paragraph, oí the instructions the court stated, that plaintiff claimed the contract tobe, “To furnish and plant on the land 3‘ Instructions tojuiy.
*586 II. It is claimed that the case is taken out of the statute because the answer sets up, and the evidence *587 sHowedy that the defendant had seeded ^ about twenty acres in grass, which was ■part- payment of the rent for three years. ^ l^StSG of land's: perform-It was held in Thorp v. Bradley, 75 Iowa, 50, that part performance of an oral lease within the statute of frauds is not sufficient to take it out of the statute. Hunt *. Coe, 15 Iowa, 197. This point needs no further consideration. *667 of the defendant twelve hundred deciduous trees.” • In the second paragraph the court said: “The question upon which defendant’s liability depends is whether or not the plaintiff furnished and set out such trees, as it agreed to furnish and set out.” Appellant complains that the court did not use the expression “plant” instead of “set out.” The language of the court was sufficiently explicit, and could not have been understood to refer to anything else than the planting of the trees.
IV. The fourth paragraph of the charge contains the following: “If the contract called for first-class 4. the same. trees, it is not a sufficient performance on the part of the plaintiff that some of the trees set out by it were first class ; nor would it be sufficient to defeat the plaintiff’s right of action that a few. of said trees' were not first class ; but if the whole number, taken as one entire lot, was what would be known as first class, that would be sufficient. Any considerable number of trees which would not be first class, or of kind and character inferior to that agreed upon between the parties,, would defeat the' plaintiff’s right of action.”
The appellant contends that there was no question but that the trees were to be first class, and that the court erred in saying to the jury, “If the contract called for first-class trees,” because thereby it was submitted to them as a question, whether the trees would be first class or not. It is not admitted in the pleadings that the trees were to be first class, but it is undisputed in the testimony, and so clearly so, that no prejudice could have resulted from this statement of the court.
V. Substantial performance of its contract is what the plaintiff was bound to prove; not a technical, exact B>____. perf'ormance. and perfect performance, but such a performance as the parties contemplated at the time they made the contract. What would be a substantial performance of the contract with respect to one *668 subject-matter, might not be as. to another. The subject-matter of the contract, and the contemplation of the parties, should always be considered in determining what will constitute a performance. There, is no fixed standard which determines whether a particular tree is first class or not; we may say of one, because of its unquestionable qualities, that it is first class; and of another, because of its lack of qualities, that it is not, but, as to such as are near the dividing line, it must be largely a matter of judgment. It is at least practically impossible to secure any considerable number of trees, such as those contracted for, perfectly uniform in size ; hence, we say that perfect uniformity was not contemplated. Whether the contract was substantially performed was a question for the jury. While the court does not direct the jury, in terms, as to its substantial performance, nor define to them, in terms, what would be such a performance, we think the language of the instruction sufficiently conveys the thought that the performance must be substantial, and what would and what would not constitute a substantial performance. The rule that applies where time is of the essence of the contract is not applicable in this case. Cedar Falls & Minn. Ry. Co. v. Rich, 33 Iowa, 113; C. D. & M. R. Co. v. Schewe, 45 Iowa, 79.
The instructions asked and refused, so far as they were proper to be given, are substantially embraced in those given by the court.
"VI. Counsel have argued at some length the sufficiency of the evidence to sustain the verdict. The only 6. practice: ver-met: conflict. contention was as to the quality of the trees; some witnesses testifying that they were first class, and a greater number, that they were not. In addition to this is the testimony as to Mr. Howell, defendant’s secretary, having selected and supervised the planting of the trees. There was clearly a conflict of evidence as to the quality of the trees. This court has repeatedly held that it will not disturb the verdict of a jury where there is a conflict of evidence, in the absence of any showing of misconduct.
*669 Our conclusion is, upon a careful review of the whole record, that the judgment of the district court should be affirmed.