EASTERN GRANITE COMPANY, Appellee, v. AGATHA HEIM *et al.*, Appellant.

1. **Venue:** COUNTY WHERE CONTRACT IS TO BE PERFORMED. The right to maintain an action upon a contract in the county where the contract is by its terms to be performed is not affected by an allegation in the petition excusing complete performance of the contract by the plaintiff because of some default of the defendant.

2. SALES: REPRESENTATIONS: FRAUD. Representations by a vendor which amount to mere words of commendation of the thing sold, though false, do not amount to such fraud as will entitle the vendee to avoid the sale.

3. ———: ACTION FOR PRICE: PERFORMANCE BY VENDOR. A contract for the sale of a monument provided that there should be an inscription on the die, "including four lines of verse," which were not specified in the contract. *Held*, that it was the duty of the vendees to furnish such inscription, and that they could not, by refusing to furnish the same, defeat an action for the price. In such case the vendor is entitled to recover the purchase price, less the cost of making the inscription.

4. ———: ———: ———. It being provided in said contract that the inscription should be in German, *held*, that the vendor was properly permitted to prove that is it usual to use the latin letter in German inscriptions on granite monuments.

*Appeal from Cedar Rapids Superior Court.*—HON. JOHN
T. STONEMAN, Judge.

SATURDAY, JANUARY 20, 1894.

ACTION at law to recover upon a written contract
for the erection of a monument in a cemetery. There
was a trial by jury, and a verdict and judgment for
the plaintiff. The defendants appeal.—*Affirmed.*

*Longueville & McCarthy,* for appellants.

*Cooper & Crissman,* for appellee.

ROTHROCK, J.—I. The petition was in three
counts. In the first count recovery was demanded for
the amount due on the written contract;
the second count was upon the same cause
of action, but demanded judgment for the
sum named in the contract, as "the reasonable price
and value of the monument;" and the third count was
on the same cause of action, and judgment was asked
therein for damages for the alleged breach of the con-
tract. The written contract, upon which this suit was
brought, was in these words:

"Eastern Granite Company, Dealers in Foreign
and American Granite. Address: Cedar Rapids,
Iowa. Three hundred and ninety dollars. Dubuque,
Iowa, May 27, 1890. In consideration of three hun-
dred and ninety dollars and other considerations, I
have this day bought of the Eastern Granite Co. a
granite monument from design 'Hall Draped Urn.'
Material to be of the best quality of Barre granite, of
the following dimensions and descriptions: Ground
base to be in proportion. Die, 1-4x1-4. Total height,
eight feet. The other parts of the monument to be in
proper proportion, and to be made and finished just
like design. Inscription on die: 'John Heim, born

*1. VENUE: coun-
ty where con-
tract is to be
performed.*

Aug. 1st, 1839; died April 3rd, 1890;' including four lines of verse. Inscriptions all in German. Said work to be erected of first class material, and in workman-like manner; to include family name in raised letters, on second base, and inscription in sunk letters, on die; and to be delivered and set up on good and sufficient foundation. Said foundation to be put in by Eastern Granite Co., in German Catholic Cemetery, at Dubuque, on or before the fifteenth day of September, 1890, or within a reasonable time thereafter. And, when said monument is erected and set up as above specified, the said Mrs. Heim and son agree to pay to the said Eastern Granite Company, or order, at Cedar Rapids, Iowa, the sum of three hundred and ninety dollars, with ten per cent. interest on same from date of erection till paid; but, at the option of the holder hereof, they may accept, for a part or all of said sum, bankable paper, with ten per cent. interest from date till paid. It is further expressly agreed and understood by and between the parties hereto, and it is hereby made a part of the consideration of this contract, that the title, ownership, and right to possession shall not pass from the holder hereof until this contract is fully paid; and if this contract is not fully paid at maturity, time being the essence of the contract, the holder hereof may, upon canceling and surrendering this contract to the maker, and without other notice, take possession of and remove said monument from said cemetery. No agreement made by the agent will be recognized by the said company unless reduced to writing, on the face of this contract. No countermands or rescissions will be recognized. John Heim, Jr. Agatha Heim. Eastern Granite Company. Per G. Sundell, Gen. Agent."

The defendant presented a motion to the court to strike out the second and third counts of the petition, because the defendants were residents of Dubuque

county, and the said counts could not be joined with
the first count, and the defendants could not be held to
answer to the second and third counts in Linn county,
as they demanded a judgment for refusal to perform
the contract and for damages.   The motion was over-
ruled.   This is the first ground of objection to the rul-
ings of the court in the trial of the case.   The objection
demands but very brief consideration.   It is possible that
the petition was vulnerable to an objection that it set out
the cause of action in three counts, when there should
have been but one.   All three of these counts were found-
ed upon the written contract.   The contract expressly
provided that the agreed price of the monument should
be paid at Cedar Rapids, and, under section 2581 of the
Code, action for the price was properly brought in Linn
county.   The fact that it was alleged in the petition
that the defendants failed to furnish or designate the
lettering or verse, or a copy thereof, to be inscribed on
the monument, in no manner controlled the venue of
the action.

II.   The defendants, in their answer to the peti-
tion, sought to avoid the enforcement of the contract,
on the ground that the agent of the plain-
2. SALES: repre-
sentations:
fraud.
tiff, who procured the writing to be made,
induced the defendants to enter into the
same by means of certain false and fraudulent repre-
sentations, which were set out at length.   The defend-
ants complain because the court sustained a motion in
behalf of the plaintiff to strike from the answer the
alleged fraudulent representations.   A careful examin-
ation of these averments, in connection with the argu-
ments of counsel, leads us to the conclusion that the
ruling of the court was correct.   It is unnecessary to
set out these alleged fraudulent representations.   When
all are taken together, they do not constitute such false
representations as may be set up as a defense to an action.

They are mere words of commendation, or puffing, or what is sometimes called "trade talk."

III. So far as the record before us shows, the plaintiff erected the monument in all respects as specified in the contract, except inscribing a verse or text thereon. The court permitted the plaintiff to prove that the said inscription was not made because the defendants failed to furnish copy for it; and the jury was instructed that it was the duty of the defendants to furnish the inscription, so that it could be placed on the monument, and that, if the defendants failed or refused to furnish the verse, it was the right of the plaintiff to erect the monument without the inscription, and that, under that state of facts, the plaintiff would be entitled to recover the contract price, less the cost of inscribing a verse of ordinary length upon the monument.

*3. ——: action for price: performance by vendor.*

It is claimed by counsel for appellants that the contract did not make it the duty of the defendants to furnish the inscription. The contract should be construed in a reasonable manner. Of course, the defendants were to determine that question. The plaintiff had no right to do so. And the contract could not be annulled or rescinded by the mere failure to furnish the inscription. The defendants can not be allowed to use their own default as a reason why the contract should not be performed. The evidence on the trial showed that the sum of ten dollars would be full compensation for inscribing an ordinary verse on the monument, and the jury, by their verdict, deducted that amount from the contract price. The defendants claim that the rule adopted by the court is in conflict with the case of *Scale Co. v. Beed*, 52 Iowa, 307. The facts of that case involve an entirely different principle, and the case is so clearly distinguishable from this case that we do not think it necessary to consider the question further.

IV.   It will be observed that the contract provided that the inscription on the monument should all be in German.   That part of the inscription which the plaintiff placed on the granite was in German words, but in the Latin letter.   It is claimed that this is not in compliance with the contract; but the court, as we think, correctly permitted the plaintiff to prove that it was usual to use the Latin letter in German inscriptions on granite monuments.

V. Numerous other objections to rulings of the court are presented in argument, which we do not think of sufficient importance to require separate consideration or special mention.   A full consideration of the whole record shows that the case was fairly tried, and that a just result was attained.   The whole defense appears to us to be an assault upon a valid contract, which was fully performed by the plaintiff, except in the immaterial matter of part of the inscription, which was not made because the defendants did not furnish the words they desired to be placed upon the monument.   The judgment of the superior court is AFFIRMED.