EDWARD H. PRIOR V. JOHN SCHMEISER AND MARY
SCHMEISER, Appellants.

Contracts: SUBSTANTIAL PERFORMANCE: *Construction.* A contract
for a monument, after giving the exact dimensions of various
parts, provided for a "cap, the same as cap on the T monument,"
which was of larger dimensions than the one called for by such
contract. *Held,* that the contract did not call for a cap of the pre-
cise dimensions of that on the T monument, but one substantially
the same as that, in material, design, style, and workmanship, and
dimensions suited to the smaller monument ordered.

*Appeal from Clayton District Court.*—HON. L. E. FEL-
LOWS, Judge.

FRIDAY, DECEMBER 11, 1896.

ACTION to recover upon a contract, whereby
plaintiff agreed to furnish and place a monument, as
specified, for the defendants, in the cemetery at Coun-
cil Hill, Iowa, for three hundred dollars. Defendant's
admit the contract, and that a monument was fur-
nished and placed, but deny that it is such as is called
for by the contract. Verdict and judgment were ren-
dered in favor of the plaintiff. Defendants appeal.—
*Affirmed.*

*James E. Corlett* and *James O. Crosby* for appel-
lants.

*D. D. Murphy* for appellee.

GIVEN, J.—I. The part of the contract necessary
to be noticed is as follows: "Bought of Ed. H. Prior,
Postville, Iowa, one dark Quincy granite monument,
design No. 735, dimensions as follows: B. Base 2–8x2
–8x1–3, 2nd base 2–0x2–0x1–2, die 3–4x1–6x1–6, cap

the same as the cap on the Tapper monument. This monument to be made of the same kind of granite as Chas. Snell's monument." ·The only fault found by the defendants, in their answer, with the monument furnished and placed is "that the cap placed upon said monument is much smaller in dimensions and size, of less value, and of inferior workmanship and finish to the one on Tapper's monument." The evidence shows without conflict that Tapper's monument is of larger dimensions than the one called for in this contract, and that the cap furnished by plaintiff is the same in material, workmanship, and design, as the cap on Tapper's monument, but is somewhat smaller in dimensions, and the molding is not cut so deep. The court, after stating the issues, instructed as follows: "To entitle the plaintiff to recover, it is not necessary that the cap on the monument in question should be of the exact proportions or size as that upon the Tapper monument. It is sufficient if it be shown to be substantially the same in style and finish, and of such proportions as to present the same general appearance, as that upon the Tapper monument, and so be of such proportions as to properly correspond with the monument on which it was placed. If from the evidence you find plaintiff has thus substantially complied with the contract, you will find for plaintiff for three hundred dollars. If you do not so find, you will find for the defendant." It was the province of the court to construe the contract, and to tell the jury just what must be shown to constitute a performance of it.

II.   This action is upon the contract, and to recover thereon the plaintiff must show that he has performed the contract in the particular in issue, namely, as to the cap. This action being on the contract, is unlike those upon the *quantum meruit*, where there has only been a partial performance, or where

an acceptance or stipulation is pleaded, and, therefore, many of the authorities cited are not applicable. In construing the contract, we must seek for the intention of the parties. It was clearly their intention that the monument should be in proper proportions in all its parts, and symmetrical as a whole. It will be observed that, while the contract specifies the dimensions of the two bases, it does not specify, in feet or inches, the dimension of the cap. The evidence shows, what is manifestly true, that, to have a symmetrical monument, the several parts must be in proper proportions. It also shows that the Tapper monument was somewhat larger than the dimensions called for in this, that the cap thereon was in proper proportion, and somewhat larger than this cap. Evidence was introduced showing the rule or usage among monument builders as to the proportions that the several parts should bear to each other. Appellant contends that this evidence is inapplicable; that it seeks to change the contract; and quotes from *Chicago v. Tilley*, 103 U. S. 155, as follows: "Proof of usage can be received only to shown the intention or understanding of the parties in the absence of a special agreement, or to explain the terms of a written contract. In all cases where evidence of usage is received, the rule must be taken with this qualification: that the evidence is not repugnant to or inconsistent with the contract." As these parties contemplated a symmetrical monument, and as the contract does not specify the dimensions of the cap, we may resort to usage in arriving at their intention with respect to the dimensions of the cap. In *Eastern Granite Co. v. Heim*, 89 Iowa, 698 (57 N. W. Rep. 437), the contract provided that the inscription on the monument should be in German. It was in German words, but in Latin lettering, and this court said: "It is claimed this is not in compliance with the contract;

but the court has, we think, correctly permitted the plaintiff to prove that it was usual to use the Latin lettering in German inscriptions on granite monuments." It is urged that, as the cap was to be the same as the cap on the Tapper monument, the parties must have intended that it should be so in dimensions as well as in all other respects, regardless of whether or not it would be in proper proportions with the monument to be furnished. The defendants are entitled to just what their contract calls for, but we think it was not understood as calling for a cap of the precise dimensions of that on the Tapper monument, but one the same as that in material, design, style, and workmanship, and of dimensions suited to the monument which it was to crown. If A contracted for a hat for his own wear, to be the same as B's hat, and B's hat was too large or small for A, it would hardly be contended that the contract was not performed by furnishing a hat like B's of the size to fit A. If plaintiff had furnished a cap of the dimensions of the cap on the Tapper monument, and it was out of proportion to the monument for which it was furnished, he would not be heard to say that it was the same as Tapper's and to compel the defendants to take the monument crowned with a disproportioned and consequently unsightly cap.

Defendants complain of the use of the word "substantially," in the instruction quoted above. The same complaint was made in *Loftus v. Riley*, 83 Iowa, 505 (50 N. W. Rep. 18), and this court said: "We think it was rightly used. It did not justify any material departure from the contract as to the dimensions and quality of blocks to be furnished, but required them to be in all essential particulars like those required by the contract." In *Des Moines & D. Land & Tree Co. v. Polk County Homestead & Trust Co.*, 82 Iowa, 664 (45 N. W. Rep. 773), the contract was for

first-class trees, and this court said: "Substantial performance of its contract was what the plaintiff was bound to prove; not a technical, exact, and perfect performance, but such a performance as the parties contemplated at the time they made the contract." We think there was no error in admitting the evidence complained of, nor in giving the instruction quoted above, and that the verdict has ample support in the evidence. The judgment of the district court is therefore AFFIRMED.