THE OLD SETTLERS' INVESTMENT COMPANY, Appellee v. MARSHALL VINEGAR, PICKLE & SOAP COMPANY, Appellant.

**Contracts:** PLEADING. In pleading a cause of action founded upon contract the plaintiff may properly point out its various provisions and allege performance as required thereby.

**Same.** Where defendant in an action on contract pleads ignorance and fraud, a reply setting forth the circumstances under which the contract was made is proper as against a motion to strike the same.

**Contracts:** *Quantum meruit* RECOVERY. Where there has been a substantial performance of a contract there may be a recovery on *quantum meruit;* and the question of performance is for the jury.

**Contract for services:** NONPERFORMANCE: EVIDENCE. In a suit on contract for services rendered to which the defenses of nonperformance and a counterclaim for damages in consequence thereof were interposed, the question of whether the employé neglected his duties and if so the cause of such neglect was immaterial.

*Appeal from Marshall District Court.*— HON. OBED CASWELL, Judge.

WEDNESDAY, OCTOBER 16, 1907.

REHEARING DENIED, TUESDAY, MARCH 10, 1908.

ACTION at law to recover a sum of money alleged to be due according to the terms of a written contract. Trial was had to a jury, resulting in a verdict and judgment for plaintiff. Defendant appeals.— *Affirmed.*

*J. M. Whitaker* and *J. L. Carney, for* appellant.

*J. M. Parker, W. J. Ivory,* and *Boardman & Lawrence,* for appellee.

BISHOP, J.— On April 18, 1895, Joseph Holmes was engaged in conducting a factory at Marshalltown, this State, for the manufacture of soap. Previous thereto he had also been engaged in conducting a separate factory for the manufacture of vinegar and pickles, but this factory had burned down, and no effort looking to a restoration thereof had been made by him. A short time prior to the date named above, the defendant corporation was organized, the purpose being to engage in the manufacture of vinegar, pickles, soap, etc., at Marshalltown, and on that date a contract in writing was entered into between said Holmes and said corporation, the provisions of which were, in substance, as follows: The said Holmes subscribes for $4,000 of the capital stock of the company, to be issued to M. A. Holmes, and to be paid for on call of the directors. Said Holmes agrees to lease his soap factory to the company for the term of six months from July 1, 1905, at a rate of rental named, and with option on the part of the company to extend the period up to five years. Said company agrees to purchase at market prices all manufactured cider and manufactured soap and raw materials for the manufacture of soap on hand at the time of the beginning of the lease period, payment to be made on delivery. "It is further agreed by and between these contracting parties that party of the first part being experienced in the manufacture of vinegar, pickles, and soap that he will devote his time for six months, beginning with the time that building operations have become sufficiently advanced to require his attendance, to the final construction of the building which party of the second part is to occupy, to the setting of machinery suitable for the business, and to the business in which party of the second part will be engaged — that is, the manufacture of vinegar, pickles, and soap — and will give said business his attention and services for the best in-

terests thereof, and, in consideration of the foregoing, the party of the second part will pay to said Joseph Holmes the sum of three thousand dollars. The payment of the above and foregoing three thousand dollars is conditioned upon the earning by the party of the second part of profits in its business, and is to be paid by applying at least one-half of the profits as determined by the annual statement of said business. Should the said business be unprofitable, then no part of the said three thousand dollars is to be paid to the said party of the first part."

This is the contract sued upon in this action, and it is alleged in the petition that said Holmes fully performed on his part; that the defendant has refused to pay the sum of $3,000 as therein provided, although its business has been prosperous and the profits sufficient to pay said sum. An assignment of the contract, and all rights thereunder, by Holmes to plaintiff, as of date May 23, 1905, is alleged. The answer denies generally, except as to matters involved in the admissions which follow. It admits the making of the contract, admits compliance with the provisions thereof on the part of Holmes in all respects, save in the matter of the service to be rendered by him, and, as to such, it denies. And, in this connection, defendant alleges fraud on the part of Holmes in the making of said contract, in that he falsely and fraudulently represented himself to be an expert in the manufacture of pickles and vinegar, whereas in truth he was ignorant and unskilled; that defendant, being without knowledge on the subject, relied upon such representation, and but therefor said contract would not have been entered into. And the allegation is extended to say that, in addition to his ignorance, said Holmes was physically incapacitated for the work he undertook to do. In a counterclaim pleaded, defendant alleges loss and damage occasioned to it through said Holmes, in that, because of and due to his ignorance, want of skill, and inattention to duty, about one thousand eight hundred bushels of cucumbers in brine of the value of $1,-

800 were spoiled and rendered worthless, also that pickles of the value of $300 were spoiled in the making or processing thereof, and that of eight thousand eight hundred bushels of grain used in making vinegar nine-sixteenth thereof, of the value of $1,485, was wasted and lost because of the failure of defendant through inattention to duty, and in his ignorance, to give such grain proper treatment in the course of manufacture. The prayer of the counterclaim is that the aggregate of the items of damage alleged, with interest, be set off against any amount found due plaintiff on the contract. The plaintiff in reply denied generally. In addition, it was averred that Holmes was a man of long experience and of ability in the lines of business contemplated by the contract, and possessed a valuable reputation and good will along such lines; that this was well known to the officers of the defendant company, as was also the condition of health of said Holmes; that all such matters were taken into consideration in making the contract, and without fraud or deceit on the part of Holmes.

I. On appearing to the action, the defendant moved to strike certain allegations of the petition having relation to those provisions of the contract looking to a lease of the soap

1. CONTRACTS: pleading.

factory, and the purchase of soap and materials on hand at the time the lease was to become operative. The motion was overruled, and of this the defendant complains. There was no error. The action was on the contract, and it was competent for plaintiff in pleading to point out its various provisions, and to allege performance on the part of Holmes in such respects as performance was required of him. Moreover, defendant in answer pleaded the contract provisions attacked by the motion, and made admission of performance on the part of Holmes.

Defendant also moved to strike those portions of the

2. SAME.

reply which had relation to the conditions and circumstances under which the contract was made. This motion was also overruled. Evidently enough,

the allegations were addressed to the charge of ignorance and fraud as contained in the answer, and in this view we see no error.

II.   Many remarks of the court and rulings made in the course of the introduction of the evidence are complained of.   As there are more than forty of these complaints, it must be apparent that we cannot within reasonable limits devote space to a consideration of each thereof separately. Accordingly we content ourselves by saying that our reading discloses no error which would warrant a reversal of the judgment.

III.   By motion to direct a verdict in its favor and again by motion for new trial, defendant challenged the sufficiency of the evidence for plaintiff to support a verdict. The grounds of the contention are two:

3. CONTRACTS: *quantum meruit* recovery.

First, it is said that the evidence does not show that Holmes complied with his contract by performing six months of service; and it is the argument that, as this is strictly an action on the contract, and not an action on *quantum meruit,* there can be no recovery except on proof of performance.   Counsel for appellee concede this, and we have therefore only to determine whether the evidence was sufficient to warrant a finding in favor of plaintiff.   We think it was.   Substantial compliance with the contract was all that was required.   And the question was for the jury under proper instructions.   *Des Moines v. Polk Co.,* 82 Iowa, 663; 7 Am. & Eng. Ency. 145; 12 Cyc. 782. While there was some contention as to the time at which Holmes entered upon his employment, on the whole, it is sufficient to say that it is fairly inferable from the evidence that his service extended over a period of six months as contemplated by the contract.   Moreover, it does not appear that defendant ever made question as to the length of service until this action was commenced, nearly ten years later.

It is next contended that during the period of his service as shown by the evidence Holmes was in ill health, and

was away from his post of duty a considerable portion of
the time; hence there was a failure of per-

**4. Contract for services: non-performance: evidence.** formance. Conceding that such matter could be urged defensively, and this is open to doubt

in view of the fact that performance of the contract had
been entered upon, we are fully persuaded that so far, at
least, defendant has no cause for complaint. Holmes, as a
witness on the trial, admitted that he was at the time afflicted
with some form of kidney trouble, but he insisted that he
was not thereby prevented from attending to the duties of
his employment. So, also, he admitted that on some days he
was at the factory only a part of the time. He insisted,
however, that the duties of his position did not suffer neg-
lect thereby. The trial court in rulings on evidence took
the view that the sole question was whether he, Holmes, had
neglected his duties; and, if so, that the cause lying back
thereof was not material. In this view, we are disposed
to share. And whether or not there was a neglect of duty
resulting in damage as charged in the counterclaim was for
the jury to decide.

IV. Complaint is made of several of the instructions
given by the court. We have gone over them carefully and
in detail, and, while some defects appear, they are technical
in character and such as that it is not probable the jury were
misled thereby. Taken as a whole, the case was fairly and
fully covered, and our approval must follow.

Finding no errors calling for a reversal of the judg-
ment, the same must be, and it is, *affirmed.*