## J. W. GORTON, Appellee, v. MOELLER BROTHERS, Appellants.

**Contracts:** MODIFICATION: PLEADING AND PROOF: CONSIDERATION. In this action upon a contract for the construction of a tile drain the petition alleged a modification of the original contract increasing the cost of the work, and the defendant admitted a modification but denied that the contract was modified as alleged. *Held,* that evidence that the condition of the ground was such that defendant could not deliver the tile at the ditch as agreed and plaintiff was therefore to receive additional compensation for receiving the tile at a distance from the ditch was admissible. It is also held that if plaintiff consented to receive the tile at a distance from the ditch where defendant undertook to place them such agreement was sufficient consideration for the promise to pay increased compensation.

**Same:** BREACH OF CONTRACT: EVIDENCE. Where a party for whom work is being done examines the work as it progresses, and either expresses approval or makes no objection thereto, evidence of that fact is competent as bearing on the weight and value of his claim that the same was unskillfuly and improperly done.

**Same:** PLEADINGS. In an action to recover for work done under a contract it is only necessary for the plaintiff to plead and prove,

in the first instance, that the work was performed and completed according to his agreement; he need not allege either in his petition or reply that defects in the work were due to defendant's fault in order that he may offer evidence of that fact in explanation of defendant's claim that the work was improperly done.

**Same:** PERFORMANCE OF CONTRACT: SUBMISSION OF ISSUE. One suing upon a contract must prove performance to authorize recovery; but where the testimony tends to show performance even though plaintiff's claim is contested, this issue is for the jury and should be submitted.

**Same:** SUBSTANTIAL PERFORMANCE: INSTRUCTION. In this action upon contract an instruction that plaintiff was entitled to recover the contract price if he had performed the work in a reasonable and workmanlike manner and substantially in accordance with the contract was proper, and not subject to the objection that it did not require full and complete performance; especially where there was no request for a further instruction that if the work though in substantial conformity to the contract was still defective in some particulars and that plaintiff's recovery if any should be reduced by the damages as claimed by defendant resulting therefrom; and particularly as defendant pleaded defective work in a counterclaim which was submitted and which the verdict indicates was taken into consideration in determining the amount of plaintiff's recovery.

**Same:** ENFORCEMENT OF CONTRACT: DEFENSES. Where the defendant refused to pay the contract price for labor performed solely on the ground that the work was not done according to contract he can not therafter base such refusal on plaintiff's failure to show payment of all claims for labor as required by the contract.

*Appeal from Calhoun District Court.*—HON. Z. A. CHURCH, Judge.

SATURDAY, APRIL 8, 1911.

ACTION at law to recover remainder alleged to be due upon contract for labor and service in the construction of a ditch. There was a verdict and judgment for plaintiff, and defendants appeal.—*Affirmed.*

*F. F. Hunter* and *M. V. Frick,* for appellants.

*E. C. Stevenson,* for appellee.

WEAVER, J.—The defendants, being under contract to construct a certain tile ditch, sublet to plaintiff the work of excavating the trench to grade and laying the tile. He was not required to do the back filling, but was at liberty to do so. The defendants undertook to inspect the work every two weeks, and, if they found it properly done in accordance with the engineer's profile of survey, to pay plaintiff eighty percent of the contract price for the work so done, and at the due completion of the ditch and a showing that all labor claims had been satisfied they would pay the remainder of said contract price. Plaintiff alleges the performance of the contract on his part, and that defendants have not paid in full the agreed compensation he was to receive, and he asks judgment on said account for $603.61. In another count he alleges the performance of other or extra work at the request of defendants, for which he demands the additional sum of $104.75.

For answer the defendants deny that the work was done or completed according to contract, deny the alleged value of the extra work mentioned, and allege payment to plaintiff of all and more than he in fact earned under said contract or otherwise. Defendants also allege that the work done by the plaintiff was so unskillfully and improperly performed as to make necessary the relaying of much of the tile, and to correct these defects and make the ditch conform to the contract will require an outlay of $275. The same matter is also pleaded as the basis of a counterclaim of $275. Other matters in controversy do not materially affect the questions presented by this appeal. There was a verdict and judgment for plaintiff for $484.15.

I. The first point made by appellants is that the trial court erred in the admission of immaterial and incompetent evidence. The only specific exceptions of this nature

stated in the brief are that:  (1) The court erred in ad-

**1. CONTRACTS: modification: pleading and proof: consideration.**
mitting, over defendants' objections, and refusing to strike out the evidence of plaintiff regarding the delivery of tile by defendants and rolling them to the ditch by the plaintiff.
(2) The court erred in admitting, over defendants' objections, the evidence of the plaintiff regarding the frequency of inspection by defendants.

We find no error in either respect.  The testimony first mentioned was to the effect that, because of the soft condition of the ground, defendants were unable to deliver all the tile for plaintiff's use on the line of the ditch as agreed, and that, in consideration of this fact and plaintiff's undertaking to receive the tile at a distance from the ditch, they agreed to pay him an increased price for the work of construction.  As the petition alleges a modification of the original written contract by which the price per rod for the work was increased, and the answer admits that there was a modification, but denies that its terms are properly stated by the plaintiff, the testimony thus objected to was both competent and material.  It, is too well settled to require argument that a written contract may be orally modified upon sufficient consideration therefor; and, if plaintiff consented to receive the tile at a distance from the trench, where the defendants undertook to place them, such agreement would afford consideration for their promise to pay the increased compensation.

Of the second assignment of error, we think the testimony as to inspection of the work by the defendants, or the engineer in charge, from time to time as the work

**2. SAME: breach of contract: evidence.**
progressed was clearly competent.  Such inspection and such approval, if any, may not be conclusive of the good quality of the work performed; but, if the defendants or their agent examined the work as it was being performed and expressed

their approval, or made no objection thereto, it is, to say the very least, a circumstance for the consideration of the jury, as bearing upon the weight and value of their claim made on the trial that the work was unskillfully and improperly performed.

II.   There was evidence on the part of the defendants tending to show that the work done by the plaintiff proved to be in some respects materially defective, making necessary the relaying of a portion of the tile. Against this the plaintiff offered testimony tending to show that the work as done by him was in accordance with the contract, and that the defects and irregularities complained of by the defendants, if any, were due to their own neglect in leaving the trench unfilled for a long time, and allowing the uncovered tile to be displaced or unsettled by the waters from heavy rains filling or coursing through the open trench.   He also makes the claim that the irregularities, or some of them, of which the defend- ants complain were the results of the mistakes of the engineer in providing the profiles or figures upon which the excavation was made.   It is argued by appellant that plaintiff was improperly permitted to make the showing here referred to, because he had not pleaded in the petition or reply that the defects, if any, in the ditch were due to the fault of the defendants or their engineer.   There is no rule of law requiring him to plead such facts.   All he was required to plead or show to make a *prima facie* case for recovery was that the work as done and completed by him was performed according to his agreement.   The testimony excepted to became admissible or necessary only by way of explanation of the showing made by defendants that the ditch was subsequently found to be in bad shape.   In other words, it was a mere matter of evidence bearing upon the principal issue, and was not a proper subject of pleading.

III.   It is argued, also, that plaintiff having sued upon

3. SAME:
pleadings.

his contract must prove performance, in order to recover the contract price. For the purposes of the case, this proposition may be admitted. The plaintiff's testimony tended to show performance, and while such fact was contested by the defendants the issue was for the jury, and the trial court did not err in submitting it.

4. SAME:
performance
of contract:
submission
of issue.

IV. The court instructed the jury that, if they found that the plaintiff had constructed the ditch in a reasonably workmanlike manner and substantially in accordance with his contract and profiles furnished by the engineer in charge, then he would be entitled to recover whatever balance appeared from the evidence to be due upon the contract price. This is said to be erroneous, because substantial performance is not full performance, and that, if plaintiff showed only substantial performance, and was thereby entitled to a verdict, he could recover only on the basis of the contract price, diminished by such sum or amount as should reasonably be deducted for his failure to make such performance full and complete. The use of the phrase "substantial performance," as employed in the instruction here criticised, has been expressly approved by this court in *Des Moines v. Polk*, 82 Iowa, 664; *Loftus v. Riley*, 83 Iowa, 505; *Prior v. Schmeiser*, 100 Iowa, 299; *Investment Co. v. Marshall Co.*, 137 Iowa, 562. Under the law as established by these and other precedents, the instruction given was a correct statement of the general rule. If, in the judgment of the appellant, the court should have gone further and said to the jury that, if the ditch, though made in substantial conformity to the contract, was yet materially incomplete or defective in some particulars, the plaintiff's recovery, if any, must be reduced by the damages resulting therefrom, it was their right to request such modification. No such request was made, and the omission to so instruct was not a prejudicial error.

5. SAME:
substantial
performance:
instruction.

In this connection it should also be said that the defects pleaded and relied upon by the appellants were not of an immaterial or insubstantial character, and if established by the evidence entitled the defendant to substantial damages upon their counterclaim. The issues as to the existence of these defects and as to plaintiff's responsibility therefor were submitted to the jury, and the verdict indicates that, after making all due allowance and giving all due credits, balancing claim against counterclaim, they found the remainder indicated by the verdict to be still due and unpaid to the plaintiff. While the charge of the court is not very specific along these lines, we think the jury were given fairly to understand that, if the defendants sustained any material damages because of any failure by the plaintiff to do the work according to his contract, the same should be allowed as a counterclaim and deducted from the contract price, and this was sufficient to protect the defendants to the full extent of their rights in the premises. Indeed, the jury did not allow plaintiff the full amount of his claim, and whether any part of this deduction was for damages for nonperformance of the contract we are unable to say; nor is there anything in the record from which we can say that defendants' counterclaim was not in fact allowed in some substantial amount.

V. It is further said that the contract required plaintiff to show the satisfaction of all claims for labor employed on the ditch, and that there was a failure of proof as to this fact. There appears to be no merit in this defense. Plaintiff stopped work in December, 1908, and from that time until this action was begun in August there was more or less dispute or controversy between the parties over the matter of settlement. The defendants' express reason for refusing payment was at all times the alleged failure of plaintiff to construct the ditch according to contract, and not because of his failure to show settlement of labor

6. SAME: enforcement of contracts: defenses.

claims. Having thus chosen their line of defense, they can not now change front for the purposes of the law suit and put forward a defense never before insisted upon. Moreover, there was some evidence tending to show that there were no outstanding claims on which defendants could in any manner be made liable.

The case was fairly tried and no good reason is shown for disturbing the verdict. The judgment of the district court is *affirmed*.