C. A. MILLER, Appellee, v. R. V. GRAY, Appellant.

· JANUARY 10, 1928.

REHEARING DENIED MAY 11, 1928.

*Guy A. Miller* and *Bailie & Edson,* for appellant.

*Lovrien & Lovrien* and *Whitney & Whitney,* for appellee.

WAGNER, J.—On or about the 7th day of June, 1925, the appellee and the appellant entered into an oral contract for the erection, by the former for the latter, of a barn, for the agreed consideration of $2,150. There were no definite plans or specifications for the building of the barn, but, prior to the time when the appellee submitted his bid, he presented to the appellant a pencil sketch relative to some of the labor and material to be used, and pictures of different barns contained in a farm building magazine. Any difference arising between the parties as to what the oral contract was, becomes material only in the determination of the questions as to whether or

not the contract was as alleged by the appellee, whether or not the appellee has performed the same, and whether or not the appellee is entitled to recover for "extras" which the appellee claims were not included within the terms of the oral contract, nor within the contemplation of the parties thereto.

On or about the 10th day of August, 1925, after the barn was practically completed, another oral contract was entered into between the parties hereto, for the construction by the appellee of the foundation for a corncrib and the moving of a crib on the defendant's farm, from the place where it was then located, to and upon the foundation to be constructed. For the labor and material to be used in the construction of the foundation, and the moving of the corncrib, the appellee was to receive the agreed consideration of $300.50. As a part of the same contract entered into on the 10th day of August, 1925, it was agreed between them that appellee was to paint appellant's house, and receive therefor the agreed consideration of $60. Certain amounts for "extras" in connection with the work under this latter contract were also asked by the appellee. The barn was to be constructed and the other work performed in a workmanlike manner.

The appellant has paid only the sum of $300 for the services rendered and the material furnished for the aforesaid improvements, and the appellee brings this action to recover the remainder of the amount claimed by him to be due from the appellant.

The appellee in his petition alleges what he claims to be the terms of the oral contracts, and full performance on his part. The appellant in his answer admits the contract prices hereinbefore mentioned, denies that the contracts were as claimed by the appellee, denies performance by the appellee, charges a breach of the contracts as to the kind of material used and work performed, and alleges failure to do the work in a workmanlike manner.

The appellee in his reply alleges that, after the improvements were completed, the appellant pointed out certain corrections or changes which he desired made, and that he (the appellee) complied with the request of the appellant in these respects, and that then the appellant accepted the work and material as a completion, and compliance with the contracts;

that he made no objections to the work and material, other than as aforesaid, and that what the appellant is now claiming by way of defective material and workmanship has been waived by him.

The appellant is not asking damages on account of any defective material or workmanship.

If the appellee has established, by a preponderance of the evidence, his claims as to what the oral contracts were, and a substantial compliance therewith by him, he is entitled to recover the contract prices for the erection of the barn, for the construction of the foundation of the corncrib and the moving of the same upon the said foundation, and for the painting of the house; and in addition thereto, is entitled to recover the reasonable worth and value of any material used and services performed for "extras" in connection with said improvements. Substantial performance of the contracts was all that the appellee was required to prove,—not a technical, exact, and perfect performance, but such performance as the parties contemplated at the time they made the contracts. *Gorton v. Moeller Brothers,* 151 Iowa 729; *Old Settlers' Inv. Co. v. Marshall V., P. & S. Co.,* 137 Iowa 558; *Des Moines & Denver L. & T. Co. v. Polk County H. & Tr. Co.,* 82 Iowa 663; *Prior v. Schmeiser,* 100 Iowa 299.

"In equity * * * it has always been held that, where the contract is substantially performed, the party may recover as for a complete performance, less such damages as the other party may have been put to by reason of the matters not performed. The equity doctrine of substantial performance has been generally adopted by the courts of law in the case of building contracts, it being laid down that, where the builder has in good faith intended to, and has, substantially complied with the contract, although there may be slight defects caused by inadvertence or unintentional omissions, he may recover the contract price, less the damage on account of such defects." 9 Cyc. 601, 602.

As hereinbefore stated, appellant is not asking damages by reason of any defects in material and workmanship asserted by him.

We do not deem it necessary to set out all of the evidence upon which we base our conclusion. We have read the

record with care, and to set out all of the testimony upon which we base our conclusions would be of no benefit, and only prolong the opinion. We are abidingly satisfied that what appellee alleges the oral contracts were, has been established by a preponderance of the evidence, and are also satisfied that there has been substantial performance by him of said oral contracts. Some of the claims of the appellant are indeed hypercritical. His chief complaints are as to the workmanship upon the barn. On August 10, 1925, after the barn was practically completed, and when defects of which he now makes complaint were as much discernible as they were at the time of the trial, and after he had inspected the barn, with full knowledge as to its condition, he voluntarily entered into another oral contract with the appellee for the construction of a foundation for and moving of the crib, and the painting of his house. This circumstance affects his credibility as a witness as to the matters in connection with the construction of the barn as to which he is now making complaint.

On September 21, 1925, after the completion of the work by the appellee, appellant, by prearrangement, met the appellee and his crew of workmen on the farm where the improvements were located, and pointed out some things which he wanted fixed, which was done by the appellee; and while the appellant testifies that he never accepted the work, and did not tell the appellee that it was satisfactory to him, yet the appellee testifies that, after he and his workmen had done the fixing as to the matters pointed out by the appellant, he inquired of the appellant: "Is there anything more that you wished done?" And the reply was:

"I can't see a thing. I am going to Des Moines and mail you a check, as I have to make arrangements for the money."

In reference to this transaction, one of the workmen testified that the appellee stated to the appellant: "Well, we have fixed these things, and I would like to get this thing settled up." And Mr. Gray answered:

"I couldn't settle to-day. I have to go to Des Moines to make arrangements. It will be three or four days before I can send you any money."

Another one of the workmen testifies that, after they had done the fixing:

"I heard Miller ask Mr. Gray if there was anything else he wanted done on the job. Mr. Gray didn't point out any more. I saw Mr. Miller hand Gray a piece of paper * * * Miller told him that he would like to have the money, and Gray said he couldn't give him the money for a day or two; that he would mail him a check from Des Moines. I was present when he pointed out the things he asked to have done."

In *Hutton v. Maines*, 68 Iowa 650, it was said:

"His offer to pay the price which he claims he agreed to pay must be taken as an admission that the rods erected were of the kind contracted for, and that the work was performed in the manner provided for in the contract."

In *Gorton v. Moeller Brothers*, supra, we held that, if the defendant examined the work and expressed approval, or made no objection thereto, it is, to say the very least, a circumstance for consideration, as bearing upon the weight and value of his claim that the work was unskillfully and improperly performed.

While it is true that the appellant pointed out some matters which he wanted fixed, yet, according to the preponderance of the evidence, they were fixed in accordance with his suggestions, and no other matters were complained of at that time by him. We are satisfied that the appellant promised to send the check from Des Moines for the work.

" 'A party who, standing by, has concurred in and accepted what the other did in fulfillment, is not in a position to deny that the contract has been fulfilled.' " *Kraner v. Chambers*, 92 Iowa 681.

We ascertain nothing in the record to show any lack of good intentions or want of good faith upon the part of the appellee. There is abundance of testimony which convinces us that the appellee substantially complied with the terms of his oral contracts. Therefore, the appellee is entitled to recover the contract price of the barn, or $2,150; also the contract price for the painting of the house, $60; also the contract price for construction of the foundation for the crib and the moving of same, $300.50.

Is the appellee entitled to recover the reasonable worth and value of the material furnished and services performed for "extras," as allowed by the trial court? If the appellee

furnished any material or rendered any service which it was the duty of the appellant, under the contracts, to furnish and render, and there was a failure of duty in this respect by the appellant, or if, at the request of appellant, the appellee supplied material or performed services not included within the terms of the oral contracts, nor within the contemplation of the parties thereto, then the appellee is entitled to recover therefor by way of *quantum meruit*.

The trial court found, as do we, that the defendant, according to the contract, was to procure his tenant to do the hauling of material, which the tenant did not do, and that the appellee procured others to do the hauling, and that the reasonable worth and value of said hauling was $70.25. Prior to the time of entering into the contract, the appellant told the appellee where the barn was to be located, but after the contract was entered into, changed his mind, and had it located on another spot, which required additional material and labor relative to the cement work; and the court allowed for this item the sum of $39. An amount of $25 was allowed by the trial court for labor in filling dirt in barn, required by reason of the change in location of the barn and the changes made in the construction at the suggestion of the appellant.

According to the contract, appellee was to paint the barn with ordinary barn paint, which was changed by appellant's suggestion to white lead and oil, at an additional cost of $28. At the appellant's request, a haymow door different from the one contracted for was hung, at the additional cost of $19.50. According to the contract between the parties, the appellee was to use the lumber from the old barn for certain inside work upon the new barn; but some additional lumber was needed, which was procured, the cost of which was $11.76. At the request of the appellant, the appellee repaired the driveway doors on the corncrib, at the cost of $4.75. After the contract for the removing of the crib was entered into, the appellant changed his mind as to the location where he desired the foundation, requiring the appellee to move the crib an additional distance, for which the lower court allowed the sum of $15. The amounts allowed by the lower court are reasonable for the extra work performed and material furnished for these various items.

The appellee asked for additional amounts for other claimed

"extras," which were disallowed; but the appellee has not appealed.

Having carefully considered the entire record, and the testimony of all of the witnesses in the light of the surrounding circumstances, we are abidingly satisfied with the findings, judgment, and decree of the trial court, and its judgment and decree are hereby affirmed.—*Affirmed.*

STEVENS, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.