AALFS WALL PAPER & PAINT Co., Appellee, v. F. S. Bow-
KER et al., Appellants.

**MECHANICS' LIEN:** . Right to Lien—Homestead—Wife as Stranger
1  to Contract. A homestead is subject to a mechanics' lien for
materials, etc., furnished under a contract with the owner, even
though the spouse of the owner does not join in said contract.
See Sections 2974, 2975, Code, 1897.

**MECHANICS' LIEN:** Nature, Grounds, Etc.—Constitutionality.
2  The mechanics' lien statute is not unconstitutional because giv-

ing liens to subcontractors who have no contract relations with the owner.

**CONSTITUTIONAL LAW:** Obligation of Contracts—Creation of
3 **Liens.** Freedom of contract does not prevent the regulation of contracts and the imposition of liens by statutes which furnish due protection to all parties. So held under the mechanics' lien statute.

*Appeal from Woodbury District Court.*—W. G. SEARS,
Judge.

TUESDAY, APRIL 3, 1917.

ACTION for foreclosing mechanics' lien. Decree for the plaintiff. Defendant appeals.—*Affirmed.*

*C. R. Metcalfe,* for appellants.

*R. M. Dott,* for appellee.

GAYNOR, C. J.—This action is brought to foreclose a mechanics' lien. The defendant Johnson is the owner of the property involved. He is a married man, and the property involved is his homestead. The defendant Bowker is a contractor, and, on or about the 17th day of August, 1914, entered into a contract with Johnson to furnish paints, oils and materials for a certain frame dwelling house situated on this homestead property. Bowker secured from the plaintiff the material with which to fulfill his contract with Johnson. The last items were furnished on the 20th day of August, 1914. On the 11th day of September, 1914, the plaintiff caused to be served upon the defendant Johnson notice of his claim, and in pursuance thereof filed a mechanics' lien, as required by statute. This action is brought by the plaintiff to foreclose this lien, and for judgment against Bowker for the reasonable value of the material so furnished. A hearing was had in the district court, and judgment was rendered against Bowker and the mechanics' lien established and foreclosed, and the property

ordered sold to satisfy the same. Johnson alone appeals. Johnson presented several defenses:

1. That the material sued for was not sold to Bowker for use on the Johnson property; that Bowker had a general running account with the plaintiff, bought material on his own credit, and used it on any building he saw fit, without any understanding that it should be used on any particular building; that the material sued for was not used by Bowker on the Johnson building.

2. That the property sought to be charged with the lien is the homestead of the defendant Johnson, and is by law, therefore, exempt from any claim for this lien, in that Johnson's wife did not join in the contract for the improvement of the property.

3. The defendant pleaded that the mechanics' lien statutes are unconstitutional, in that they interfere with the right of contract; that they give to a subcontractor, with whom the owner of the property had no dealing, a right to enforce a claim against the property of the owner at any time within 30 days after the completion of the work, and also force the owner to hold back a portion of the contract price to meet such contingent liability.

4. That they abridge the freedom of contract, in that they prevent the owner from paying his principal contractor in accordance with the terms of his contract, and force him to withhold a portion of the contract price to protect a subcontractor, or submit to double liability.

The first defense presents a fact question. The district court found against appellant's contention. A review of the record, as presented in this court, satisfies us that Johnson entered into a contract with Bowker, by the terms of which Bowker agreed to furnish the material and paint and decorate a building on defendant's homestead, for a fixed consideration to be paid to Bowker upon the completion of the work; that, in pursuance of the contract,

Bowker did paint and decorate defendant's house and furnished the material for that purpose; that the work was finished on or about the 22d day of August, 1914; that Johnson then paid Bowker the agreed consideration. We further find that Bowker procured from the plaintiff, and used in the performance of his contract, the material involved in this action; that the plaintiff has never been paid for this, either by Bowker or Johnson; that, on or about the 11th day of September, 1914, the plaintiff served notice on Johnson of the fact that they had furnished this material, and filed their mechanics' lien as required by statute. A fair consideration of the evidence shows that the material sued for was not only obtained by Bowker from the plaintiff, but was actually used by Bowker in completing his contract with the defendant Johnson.

Section 3089 of the Code of 1897 provides:

"Every person who shall * * * furnish any materials * * * for any building * * * by virtue of any contract with the owner, his agent, trustee, contractor, or subcontractor, upon complying with the provisions of this chapter, shall have for his * * * material * * * a lien upon such building * * * and upon the land belonging to such owner on which the same is situated."

Code Section 3092 provides:

"Every person, whether contractor or subcontractor, who wishes to avail himself of the provisions of this chapter, shall file with the clerk of the district court of the county in which the building * * * * to be charged with the lien is situated a verified statement or account of the demand due him * * * * setting forth the time when such material was furnished or labor performed, and when completed, and containing a correct description of the property to be charged with the lien, which statement or account must be filed * * * * by a subcontractor within 30 days,

from the date on which the last of the material shall have been furnished."

The plaintiff furnished the material and complied with the requirements of this statute, and was, therefore, not only entitled to a mechanics' lien, but .entitled to enforce it against the property, unless his right is defeated by the matters urged by the defendant, to the consideration of which we now turn our attention.

1. MECHANICS' LIEN : right to lien : homestead : wife as stranger to contract.

The contention of the defendant is that, under Section 2974 of the Code of 1897, "no conveyance or incumbrance of or contract to convey or incumber the homestead, if the owner is married, is valid, unless the husband and wife join in the execution of the same joint instrument;" that Mrs. Johnson did not consent to or join in executing or making the contract with the principal contractor; that the husband alone had no power to make a contract out of which a lien might arise, and be enforced against the homestead. The homestead right is a right of occupancy. This right comes to the wife immediately upon the attachment of the homestead character and continues until her death, if not abandoned before. It is only a right of occupancy. She does not become vested with any legal title to the property itself. Upon her death, the homestead passes to the heirs of the owner. The improvement of the homestead is for the better enjoyment of this right of occupancy.

Section 2975 of the Code of 1897 provides:

"The homestead is subject to mechanics' liens for work, labor or material done or furnished exclusively for the improvement of the same."

The right of occupancy and the right of exemption from sale and incumbrance are purely statutory. Homestead rights are given and regulated by statute. Homestead exemption is given by statute. The same power that gave the

right to the exemption makes it subject to mechanics' liens. All are statutory. There is nothing in this contention of the defendant's. See *Burns v. Keas,* 21 Iowa 257.

**2. MECHANICS' LIEN: nature, grounds, etc.: constitutionality.**

The next contention of the defendant— that the law which gives to subcontractors a right to a lien upon the property for the material furnished for the improvement or betterment of the property, although they had no contract with the owner for the furnishing of the material, is unconstitutional—is very original, but not sound. There is and must be a contract between the owner and the principal contractor. Under this contract, the owner has not only agreed, but consented, that material be used by the principal contractor for the betterment of the property involved. To this end, materials must be secured and used. It gives to the one who furnishes the material a right, under the contract, to enforce a claim against the building to the extent of the materials furnished. It simply regulates the rights of parties under a contract made with the owner. It reserves to the owner the right to retain from the contract price sufficient to meet all the obligations which may arise out of the contract to the extent of materials furnished by others under the contract, but not to exceed the contract price. It simply says to the principal contractor, "You have agreed with the owner to furnish material for the improvement of his home. When material is furnished by you, under your contract and unpaid, the owner shall not only have a right, but it will be his legal duty, to retain from you enough of the contract price to reimburse those who, in the completion of your contract, have furnished, by your direction, material which you undertook to furnish:" This impairs no constitutional right of either party.

**3. CONSTITUTIONAL LAW: obligation of contracts: creation of liens.**

It is next contended that the statute is void in so far as it provides that a subcontractor, at any time within 30 days after

the furnishing of the material by him, may enforce a claim against the building to the extent of the material furnished, upon giving notice and filing his claim as required by the statute. It is claimed that this impinges upon the freedom of contract; that, the owner having obligated himself by contract to pay the principal contractor upon the completion of the building, the 30-day clause, in its effect, destroys this part of the contract, and takes from the owner the right to perform his contract with the principal contractor until the 30 days have expired;. that, if he performs his contract, he may be subject to a double liability. Section 3093 of the Supplement to the Code, 1913, relating to mechanics' liens, provides:

"No owner of any building or structure upon which a subcontractor's mechanics' lien may be filed, * * * shall be liable to an action by the original contractor for compensation for * * * materials * * * furnished for any building * * * until the expiration of thirty days from the completion of said building * * * unless the original contractor shall furnish to the owner of said building * * * receipts and waivers of claims for mechanics' liens, signed by all persons who * * * furnished any material * * * for said building * * * provided there be such persons, or unless the original contractor shall furnish to the owner a good and sufficient bond to be approved. by said owner, conditioned that said owner shall be held harmless from any loss which he may sustain by reason of the filing of subcontractor's mechanics' liens. Should the owner pay to the original contractor any part of the contract price of such building * * * before the lapse of the thirty days, * * * he will still be liable to said subcontractor for the full value of any material * * * furnished or labor performed upon said building * * * provided said subcontractor file his mechanics' lien within the time provided by law. * *. *

Nothing in this act shall be construed to require the owner to pay a greater amount or at an earlier date than is provided in his contract with the principal contractor; unless said owner pays a part or all of the contract price to the original contractor before the expiration of the thirty days allowed by law for the filing of subcontractor's mechanics' lien."

This section gives to the owner all protection against double liability, and provides for the principal contractor a method by which he may secure the contract price upon the completion of the work. The provisions of this statute are just and equitable, and make, for all the parties, a contract which is just and equitable to all, and impinge upon no legal or constitutional right of any.

It is next contended that the plaintiffs took collateral security; and, therefore, under Section 3088 of the Code of 1897, they are not entitled to mechanics' liens. The evidence does not sustain this contention, and we give it no further consideration.

Upon the whole record, we find no ground for reversing the action of the district court, and the cause is affirmed.— *Affirmed.*

Ladd, Evans and Salinger, JJ., concur.