H. W. STRATMEYER, Appellee, v. S. A. HOYT, Appellant.

**TRIAL:** Instructions—Failure to Except. Exceptions to instruc-
1  tions not urged until after the instructions had been read to
the jury were not in time, under Sec. 3705-a, Code Supp., 1913
(now repealed), and could not be considered in a motion for
new trial, or upon appeal; without the statutory showing as
to failure to discover the error before the giving of the in-
structions.

**CONTRACTS:** Construction and Operation—Recovery. The com-
2  mon-law rule that there could be no recovery on a written
contract without a showing that it had been strictly performed
has been modified in this state, and there can be a recovery
where the other contracting party has been benefited, and there
has been substantial performance, and the omissions are in-
advertent or unintentional, and deductions can be made from
the contract price for the deviations.

**APPEAL AND ERROR:** Reservation of Grounds—Exceptions to In-
3  structions. Error resulting from an omission in instructions
given on a trial before the repeal of Sec. 3705-a, Code Supp.,
1913, cannot be considered on appeal, where the record fails
to show that exceptions were taken before the reading of the
same to the jury, or that additional instructions were asked,
and where, although exception is set out in the motion for a
new trial, there was no showing of failure to discover the same
before the instructions were given.

**CONTRACTS:** Performance or Breach—Evidence. Evidence re-
4  viewed, in an action on a written contract for the furnishing
of a monument, and held sufficient to go to the jury on the ques-
tion of substantial performance of the contract on the part of
the seller.

*Appeal from Carroll District Court.*—E. G. ALBERT, Judge.

· OCTOBER 14, 1919.

REHEARING DENIED MAY 17, 1920.

ACTION to recover the contract price of a ·monument. Verdict and judgment for the plaintiff in the district court. Defendant appeals.—*Affirmed.*

*Reynolds & Meyers,* for appellant.

*E. A. Wissler,* for appellee.

GAYNOR, J.—I. It is agreed that, on the 23d day of March, 1916, the plaintiff and ·defendant entered into the following written contract:

"The said Stratmeyer agrees to furnish and erect on the cemetery lot belonging to M. A. Hoyt estate in the cemetery at Carroll, Iowa, a monument of the following specifications, to wit:

"An exact duplicate as to material, quality, workmanship, finish and dimensions, excepting as to lettering, of the A. B. Cummins family monument in the cemetery at Des ·Moines, Iowa. The finish of said monument to be what is known as 'twelve-cut hammered work.'

"The lettering on said monument is to be as follows: The word 'Hoyt' is to be made in raised ax square letters on each side of the die and not less than five inches in height, except as may be changed with the consent of said Hoyt.

"The said monument to be placed on a good solid rock concrete foundation of the same dimensions as the base of said monument six and one-half feet deep, the top of said base to be slightly below the surface of the ground. The stone used in said foundation to be either ordinary crushed rock or screened stone of approximately the same size as ordinary crushed rock, and the cement to be used therein to be of first-class Portland cement quality. The bottom half of said foundation to be in the proportions of five to one, and the top half of said foundation to be in the proportions of three to one.

"The said Stratmeyer is also to furnish two markers for the said lot, one at the head of each grave therein, of the

same material, workmanship and finish as the said monu-ment, said markers to be 2 ft. long, 1 ft. 4 in. wide and 1 ft. high at the highest point, and having a slight incline as to the top. Said markers to be lettered as follows:

"In the sloping top of the marker at the head of M. A. Hoyt, the following letters to match the lettering on said monument, to wit: 'Father.' On a line beneath 'M. A. Hoyt.' On a line beneath that 'December 27, 1839.' On a line beneath that 'December 27, 1914.'

"On the sloping top of the marker at the head of the grave of John Truman Hoyt is to be the following: 'John Truman Hoyt.' On a line beneath that 'February 16, 1875.' On a line beneath that 'July 21, 1886.'

"The said markers are to be placed on the same kind of foundation as the said monument except that the depth of said foundation is to be two feet.

"The said Stratmeyer guarantees that the stone used in said job will be the best 'Barre granite,' and that the same will not develop any defects or spots within ten years after the erection thereof.

"Said job to be completed by May 30, 1916, if possible, and in any event not later than August 1, 1916.

"The said job is to be paid for as soon as completed in accordance with the terms of this contract, by the said Hoyt paying to the said Stratmeyer the sum of six hundred dollars."

Plaintiff claims that the provision in said contract requiring the foundation to be made of crushed rock or screened stone was modified by mutual consent, allowing the plaintiff to substitute some crushed cement, taken from cement sidewalks, for the crushed rock or screened stone.

This action is brought to recover of the defendant the amount specified in said written agreement, on the theory that plaintiff has performed the contract on his part, as written and modified.

The answer of the defendant denies that plaintiff has performed said contract, or that defendant has ever accepted said contract as performed, and denies that the de-

fendant is indebted to the plaintiff in any amount.

Upon the issues thus tendered, the cause was tried to a jury, and a verdict returned for the plaintiff for the full amount agreed in said contract to be paid. Judgment being entered upon the verdict, defendant appeals.

In so far as the defendant bases a right to reversal upon alleged errors committed by the court in its

1. TRIAL: in structions: failure to except.

instructions, we have to say that Section 3705-a, Code Supplement, 1913, was in force at the time of the trial. This section, speaking of instructions, says:

"All objections or exceptions thereto must be made before the instructions are read to the jury and must point out the grounds thereof specifically and with reasonable exactness."

We are limited, therefore, in our consideration to those instructions to which exceptions were taken, as provided in the statute.

Before the instructions were read, they were submitted to counsel, and certain exceptions taken only to Instructions 2, 3, 4, 5, and 5½. In the motion for a new trial, error is urged as to other instructions; but, as there is no *showing* in the motion that the errors complained of were not discovered before they were read to the jury, such alleged errors cannot now be considered, for the reason that the statute specifically says that other objections or exceptions shall not be considered by the trial court upon a motion for a new trial, or by the Supreme Court on appeal, not made as provided therein.

In the second instruction objected to and now complained of, the court said:

"The claim of the defendant is that the plaintiff failed to perform his contract in four different particulars: (1) That the die on said monument was one-half inch

2. CONTRACTS: construction and operation: recovery.

thicker than the Cummins monument. (2) That the carving on said monument was an eighth of an inch less in depth than that on the Cummins monument. (3) That the

base of said monument was not of the same height or thick-
ness as the Cummins monument.  (4)   That the founda-
tion was not constructed in compliance with the terms of
the contract, in that the crushed sidewalk concrete and rock
was used, instead of material provided in the contract.

"As to the first three complaints of the defendant, you
are instructed that, if they substantially conform to the
requirements of the contract, as hereinafter explained, then
defendant cannot avail himself of such matters as a defense,
and he cannot excuse his failure to pay by reason of such
matters."

In the third instruction complained of, the court ex-
plains what is meant by substantial compliance, and says:

"It is the law that, where one contracts for the erection
of a certain structure, he is entitled to have it erected in
conformity with the provisions of his contract; but, in the
application of this rule, the law requires only a substantial
compliance therewith.  By the use of this term, 'substantial
compliance,' you are to understand that it does not require
absolute accuracy.  Slight variations or deviations from
the contract as are inadvertent or unintentional, and not
due to bad faith, and which in no way impair the structure
as a whole, and in no way affect its symmetry, general ap-
pearance, or usefulness, are excusable; and, as applied to
this case, if the defects complained of are only slight, and
in no way detract from the general appearance, symmetry,
and style of said monument, or impair the structure as a
whole, and the plaintiff acted in good faith in relation there-
to, then defendant cannot complain of said defects.  But,
on the other hand, if the variations from the terms of the
contract are not of a slight nature, or if, in any way, affect
the structure as a whole, its general appearance, symmetry,
or style, or its use for the purpose for which it was intended,
or if, in making said changes, the plaintiff did not act in
good faith, then your verdict herein should be for the de-
fendant."

In the fifth instruction, the court said:

"It is one of the claims of the defendant that the base stone for said monument is not of the dimensions provided in the contract, and that the same lacks two inches in thickness of being of the same dimension as the Cummins monument. If you find this is true, and in addition thereto you find that this in any way impaired the structure as a whole, or in any way detracts from the general appearance, symmetry, or style of said monument, or its usefulness for the purpose for which it was intended, then the plaintiff cannot recover."

The only objection to these instructions which we may consider is bottomed on the thought that the instructions as a whole allow the plaintiff to recover upon a showing of substantial compliance with the requirements of his contract. It is said that this is not the law; that, to entitle plaintiff to recover, he must show a strict compliance with the requirements of his contract in matters of this kind.

Originally, and at common law, it was the thought of courts that no recovery could be had upon a written contract, without a showing that the contract had been strictly performed. This rule, however, has been relaxed in many jurisdictions, and especially in our own. The courts, looking to substantial justice, and because the other rule worked often great hardship, have modified the doctrine of strict performance, and have allowed recovery where it is shown that there has been a substantial performance of the contract: this, however, subject to the right of the other party to recoup for any damages occasioned him by slight defects in the performance. The common-law rule has, therefore, been modified so that there may be recovery where the thing done under the contract is a benefit to the other contracting party, with this qualification, however: that, in the performance, there must appear only such omissions or deviations from the contract as are inadvertent or unintentional, and are not due to bad faith, and which do not impair the structure as a whole, and are remediable without doing material damage to the other parts, and may, without in-

justice, be compensated for by making proper deductions from the contract price. It is said that, under such conditions, recovery may be had on the contract, because of the hardship to the contractor if slight, unintentional deviations should bar his recovery. See *Littell v. Webster County*, 152 Iowa 206. This is the thought of the instructions complained of. Whether there was a substantial compliance with the contract, with these limitations upon substantial compliance, was a question for the jury, and the jury resolved it in favor of the plaintiff.

II.   It is contended, however, that, even if the rule of substantial compliance obtains in this case, the court erred in these instructions, because it appears that there was not a strict compliance; that there were devia-

3. APPEAL AND ERROR: reservation of grounds: exceptions to instructions.

tions from the requirements of the contract, and the court made no mention of this fact, and did not say that the defendant was entitled to have the contract price reduced to the extent of the damage which he suffered by reason of the failure to make strict compliance.

It will be noted, however, that there is no claim for any damages made by the defendant in his answer, based upon this thought, nor does it seem to have been raised in the court below, before the instructions were given. As said in *Gorton v. Moeller Bros.*, 151 Iowa 729, 734:

"If, in the judgment of the appellant, the court should have gone further, and said to the jury that, if the ditch, though made in substantial conformity to the contract, was yet materially incomplete or defective in some particulars, the plaintiff's recovery, if any, must be reduced by the damages resulting therefrom, it was their right to request such modification. No such request was made, and the omission to so instruct was not a prejudicial error."

The thought in that case seems to be that, if there were slight deviations from the contract requirements, which affected in any degree the value of the thing as constructed, defendant should have asked that the jury's attention be

called to it, so that, in determining the amount which plaintiff was entitled to recover, allowance could be made for such slight defects.

This last question, however, we do not find raised in the exceptions taken to the instructions before they were read, and it cannot, therefore, be considered by us. If the defendant had asked an instruction on this point, or if, in his objections to the instructions prepared by the court, he had raised this as proper to be submitted to the jury, under the record made, the defendant would stand in a position now to complain. But, since he did not ask an instruction on this point, and did not urge objections to the instructions of the court because they did not involve this point, it is too late to raise it here.

It is true that this question is raised in the motion for a new trial, but there is no *showing* that this question was not discovered by counsel in time to have urged it before the instructions were read to the jury. Without some showing that the objections urged in a motion for a new trial were not discovered by the complaining party before the instructions were read, they cannot be considered here. See *Chumbley v. Courtney*, 181 Iowa 482, in which it is said:

"In order that an objection or exception to an instruction urged for the first time in the motion for a new trial may be considered, the assertion that the error was not discovered at the time of the trial by the party claiming it, is not enough. There must be some showing that the assertion is true,—some proof thereof. This may be by affidavit, testimony in open court, or any other mode which will make it satisfactorily appear to the court that the error was overlooked at the trial of the cause to the jury."

Now, we say that the original abstract filed in this case does not show that this error was urged before the instruction was given, nor is there any showing in the motion for a new trial that it was not discovered in time to have made it then. The defendant's argument filed in this cause is denominated "Argument and Amendment to Abstract."

The record shows the argument closed on page 35. On page 45, we find the words "Additional Abstract." Between these two pages, there are inserted "Instructions and Exceptions to Instructions." But there is no showing that these exceptions or objections were made before the instructions were read, and they cannot, therefore, be considered by us. Section 3705-a not only requires that the objections and exceptions be taken before the instructions are read to the jury, but says that the objections and exceptions so taken "must point out the grounds thereof specifically and with reasonable exactness, * * * and no other objections or exceptions shall be considered by the trial court upon motion for a new trial or otherwise, or by the Supreme Court upon appeal."

We therefore pass this point, as not before us for consideration. This, too, withdraws from us the power to consider exceptions and objections urged in the motion for a new trial that were not specifically urged before the instructions were read.

This brings us to a consideration of the other errors relied upon.

Grouping the further contentions of the appellant, we say that the court did not err in overruling defendant's motion for a directed verdict at the conclusion of the evidence. On all essential points, there was dispute in

4. CONTRACTS:
performance
or breach:
evidence.

the evidence, and a fair question raised for the jury. We further find that the verdict is not against the instructions of the court; that, with the limitations placed upon substantial performance by the court in its instructions, the jury could well find that there was a substantial compliance with the contract, and, no question having been raised by the defendant, touching defendant's right to recoup for failure to strictly perform, we think the jury was right in returning a verdict for the full amount of plaintiff's claim. There was evidence before the jury upon which they could well find that the contract had been substantially complied with; that the

variations from the plans and specifications in the contract were slight; that they were inadvertent and unintentional; that they were not due to bad faith; that they in no way impaired the structure as a whole; in no way affected its symmetry, general appearance, or usefulness. Whether they did or not was submitted to the jury. The jury found for the plaintiff. The court distinctly told the jury that, if the variations from the terms of the contract were not of a slight nature, or if they in any way affected the structure as a whole, its general appearance, symmetry, or style, or its usefulness for the purpose for which it was intended, or if, in making said changes, the plaintiff did not act in good faith, then they should return a verdict for the defendant. There being evidence upon all these questions, from which the jury might find either way, we cannot interfere with its verdict in finding for the plaintiff.

As to the foundation, the court distinctly instructed the jury that, if they found the oral agreement established, modifying the original contract, and that the plaintiff had substantially complied with the written agreement, as modified, such substantial compliance would justify a verdict in his favor. But if he failed to show the modified contract, or failed to show a substantial compliance with the written contract, as modified, he must fail. There was evidence upon this point supporting a verdict in favor of the plaintiff.

On the whole record, we find no ground for reversal, and the judgment is—*Affirmed.*

LADD, C. J., WEAVER and STEVENS, JJ., concur.