H. P. HAYES, Appellee, v. BLAINE L. RAMSEY et al., Appellants.

FEBRUARY 7, 1928.

*W. H. Lyon,* for appellants.

*Johnson & Teter,* for appellee.

FAVILLE, J.—The appellant Blaine L. Ramsey entered into a written contract with the appellee for the construction of a residence property upon a lot in the town of Pleasantville. He is a resident of Chicago. The premises upon which the dwelling was erected were owned by the said appellant's parents, and it appears that the house was to be constructed for their occupancy. Said appellant's parents moved into said house before the same was completed. The contract called for a payment of $9,603 for the construction of said house, and various payments were made, from time to time, as the work progressed; and this action is for the balance due on the contract price, being $1,895.60. It is the appellants' contention that the appellee wholly failed to construct said building according to the contract and the plans and specifications that were agreed upon, and that there were a large number of items involved in the construction of the building that were faulty, and not in substantial compliance with the contract. We shall not attempt to itemize all of these. It is contended that the cement work about the place was rough, and not properly smoothed; that the basement floor was not pitched to drain; that the front porch cement work was rough, particularly the steps; that the cement was not mixed with colors, as provided in the specifications, but was painted; that the joints in the brick foundation were uneven and out of line; that the brick work in the fireplace in the living room was not complete; that short lengths of flooring were used, contrary to the specifications; that the floor was wavy; that the doors and windows were poorly hung; that cheap paint had been put on; and other similar matters. With regard to most of the items contended for by the appellant, the evidence was in conflict. For example, the testimony of the appellee's witnesses was to the effect that the basement floor was properly constructed, and was smooth, and

drained properly. The testimony in regard to the cement steps was conflicting, as was the testimony with regard to the porches. This was also true of the brick work of the foundation, and of the plastering. With regard to the floor, it appears that there were some lengths that were less than 6 feet. The floors were hand-scraped, instead of being scraped with an electric scraper, but this appears to have conformed to the contract. The contract itself was somewhat inconsistent in the specifications as to the doors, and in view of the entire contract in regard thereto, the appellants cannot complain. In regard to the paint, it appears that the paint was applied as required by the contract, and that the condition of which the appellants complain was due to weather conditions, and not to faulty workmanship. We have not attempted to set out all the various items of which complaint is made, but the foregoing illustrate the general character of the matters complained of by appellants, and as to practically all of them there was a conflict in the evidence.

In cases of this character, the first question for us to determine is whether or not, viewing the record as a whole, there is shown to have been a substantial compliance with the terms of the contract. It is obvious that in building contracts, where permanent structures are erected, trivial and inconsequential defects often occur, and that to defeat recovery it must appear that the work as finished did not substantially comply with the terms and provisions of the contract. In *Littell v. Webster County*, 152 Iowa 206, we quoted with approval from 9 Cyc. 603, as follows:

" 'Substantial performance,' as defined by the cases, permits only such omissions or deviations from the contract as are inadvertent or unintentional, are not due to bad faith, do not impair the structure as a whole, are remediable without doing material damage to other parts of the building in tearing down and reconstructing, and may without injustice be compensated for by deductions from the contract price. So much is allowed in building contracts because of the hardship to the contractor if slight, unintentional deviations should bar his recovery."

In 39 Cyc. 1404 the rule is stated as follows:

"A breach by the vendor of material provisions of the contract entitles the purchaser to rescind. But in order to justify rescission, there must be a breach of some material provision. A

slight or unimportant partial failure of the vendor to comply with the terms of the contract furnishes no ground for rescission.''

See, also, *Voorhees v. Baier*, 194 Iowa 1320; *Golwitzer v. Hummel*, 201 Iowa 751; *Marsh & Co. v. Light & Power Co.*, 196 Iowa 926; *Miller v. Gray*, 205 Iowa ———.

Under the record in this case, we are disposed to hold that the appellants failed to establish that the work as a whole was not a substantial compliance with the provisions of the contract. We think from the record that it is evident that there were matters of detail in the construction of the building that could have been remedied without great expense. The appellants' theory of the case, however, was that the structure as a whole failed to comply substantially with the provisions of the contract, and that because thereof the appellants were entitled to recover on their counterclaim. The appellants directed their evidence on the question of damages solely to the difference in value between the structure as erected, and the value it would have had if erected according to the terms and specifications of the contract. This measure of damages, even if correct, would only be applicable in the event that it should be found by the court that the structure as a whole failed to substantially comply with the terms and provisions of the contract. But the court did not so find, and we are disposed to acquiesce in this conclusion by the trial court, upon the record as made. Conceding that there were items of defects in the construction of the building, they did not go to the structure as a whole, so as to establish that there was not a substantial compliance with the contract.

This, however, would not deprive the appellants, on a proper showing, of recovering damages for defects that were remediable, or that could not fairly be said to result in a substantial failure to perform the contract. In cases of this character, even though the court should find that there was substantial compliance with the terms of the contract, still, for defects or omissions which do not affect the entire contract, redress may be afforded the debtor by way of offset to the contract price. This, however, must, of necessity, be predicated upon the evidence in the case. In the instant case, the appellant rested his case upon the theory of a failure of substantial compliance with the contract as a whole. The lower court held against him on this proposition.

and we are constrained to acquiesce in that conclusion. As to minor defects for which allowance might be made in the way of offset or deduction from the purchase price, there is no evidence in the record upon which we could arrive at any basis for allowing the same. *Gorton v. Moeller Bros.*, 151 Iowa 729, 734. We cannot arbitrarily fix any definite sum that should be deducted from the contract price, without evidence to support it.

The motion to dismiss, which was ordered submitted with the case, is overruled.

The decree of the district court is—*Affirmed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.