EDWARD F. HUFFMAN, appellee, v. MARTHA R. HILL et al., appellants.

No. 48489.

(Reported in 65 N.W.2d 205)

JUNE 15, 1954.

Raymond S. Hill, pro se, and Kindig & Beebe, all of Sioux City, for appellants.

Crary & Crary, of Sioux City, for appellee.

GARFIELD, J.—This is an action in equity to recover $175.93 as the balance due for cement work at defendants' home and to establish and foreclose a mechanic's lien therefor. Defendants filed cross-petition for $493 for claimed failure of plaintiff to perform the contract in a workmanlike manner. Following trial,

the court held the work was not done in all particulars in a workmanlike manner and therefore plaintiff's claim should be reduced $75—ten per cent of the full contract price. From decree for plaintiff for $100.93 and establishing and foreclosing mechanic's lien therefor defendants have appealed.

Plaintiff orally agreed for $750 to furnish labor and material to build two porches for defendants' residence, raise the garage and build a foundation and cement floor for it, build a cement drive from the garage to the street, a sidewalk along the street and an S-shaped walk from the front porch to the drive. There is a dispute as to whether the garage foundation was to be of solid concrete which was used or of cement blocks. Plaintiff testifies he agreed to do a satisfactory job. Defendants say he was to do an "A-1" job. They plead it was not done in a workmanlike manner.

Plaintiff, a man who helped him with much of the work and two disinterested cement contractors testify, in effect, the work was satisfactory and a good job was done. One experienced contractor says the workmanship on the sidewalk and drive looked as good as any he had ever seen. Defendants and their teen-age son find a good deal of fault with the work. Two disinterested contractors also point out some flaws in the work and say it was not a perfect nor an "A-1" job. One contractor who testifies in some detail for defendants characterizes the work as "about average."

Defendants' testimony is that the garage floor slopes to the southwest rather than toward its entrance on the east, there are bumps, pits and crumbling in the drive, its edges are uneven and the front porch and step have many pits in the surface. As might be expected, plaintiff's evidence tends to minimize these claimed defects while defendants tend to magnify them. No good purpose would be served by setting out or summarizing the testimony.

The trial court found the garage floor improperly slopes to the southwest and there is a bump in the drive which should not be there. He also found the agreement called for the garage foundation to be of cement blocks, not poured concrete. For these defects plaintiff's claim was reduced $75 as previously

stated. The cross-petition was dismissed because it was not shown how much, if any, of the work should be replaced nor the cost thereof.

■■    While our review is de novo (rule 334, Rules of Civil Procedure), we give weight to the trial court's findings. The case involves quite largely fact questions the trial court was in better position than we to decide. Bell v. Pierschbacher, 245 Iowa 436, 439, 62 N.W.2d 784, 786, and citations. This is particularly true since the trial court looked at the improvements. He had a right to do this, if he deemed it proper, to enable him to better understand and apply the testimony. Hampton v. Burrell, 236 Iowa 79, 91, 17 N.W.2d 110, 117, and citations.

■    If we give the trial court's findings the weight to which they are entitled we think the decree should be affirmed. We feel it is doubtful, at best, that plaintiff agreed the garage foundation should be of cement blocks. Defendants both saw the forms constructed for pouring concrete for the foundation and seem not to have objected to this manner of construction until the job was done. And after the work was finished they paid plaintiff $200 of the contract price. (They previously made two payments that totaled $374.07.) However the conflict in the testimony on this point need not be definitely resolved.

■    The burden rested on plaintiff to prove performance of the agreement declared upon by him. See Miller v. Gray, 205 Iowa 1305, 1307, 217 N.W. 228, 229; Hayes v. Ramsey, 205 Iowa 167, 169, 217 N.W. 808; 57 C. J. S., Mechanics' Liens, section 308f, page 963; 36 Am. Jur., Mechanics' Liens, section 235, page 151.

However, a technical, exact and perfect performance is not necessary. Substantial performance is all that is required. Where there is substantial performance the builder is entitled to the contract price less reasonable damages on account of slight defects in performance. See authorities last above, also Stratmeyer v. Hoyt, 189 Iowa 85, 90, 174 N.W. 243; Lautenbach v. Meredith, 240 Iowa 166, 172, 173, 35 N.W.2d 870, 874 ("Generally equity is somewhat less strict than law in requiring performance by one who seeks to enforce a contract."). For definition of substantial performance see Littell v. Webster

County, 152 Iowa 206, 215, 131 N.W. 691, 132 N.W. 426; Stratmeyer v. Hoyt, supra, 189 Iowa 85, 90, 91, 174 N.W. 243; Hayes v. Ramsey, supra, 205 Iowa 167, 169, 217 N.W. 808.

We think there was substantial performance of plaintiff's contract. Such defects as exist were unintentional, not due to bad faith, do not impair the improvements as a whole, may be remedied without material damage to other parts of the improvements, and are fairly compensated for by deduction from the contract price. While the deduction allowed by the trial court is an approximation, apparently based upon the evidence and matters of general and common knowledge, we are content not to disturb it.—Affirmed.

All JUSTICES concur.