OWENS-CORNING FIBERGLASS CORPORATION *v.*
HAROLD LEWIS

HOUSE, C. J., LOISELLE, MACDONALD, LONGO and BARBER, Js.

Argued May 7—decision released July 1, 1975

*Henry Lyons III,* for the appellant (defendant).

*Herbert S. Savitt,* with whom was *John F. Phelan,* for the appellee (plaintiff).

PER CURIAM. This action was brought to foreclose a mechanic's lien filed to secure payment of the unpaid balance of a claim for supplies and materials furnished by the plaintiff to a subcontractor engaged in the construction of buildings and improvements on property of the named defendant. By way of special defense, the defendant pleaded that the Connecticut mechanic's lien statutes (§§ 49-33—49-40a) are unconstitutional in that they violate the due process clauses of the fifth and fourteenth amendments to the constitution of the United States and the corresponding provisions of the constitution of Connecticut. The court found the issues for the plaintiff and rendered judgment accordingly. From that judgment the defendant brought this appeal, assigning as error the conclusion of the trial court that the mechanic's lien statutes are constitutional and did not permit the taking of the defendant's property without due process of law.

While this appeal was pending, this court decided the case of *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.*, 168 Conn. 371, 362 A.2d 778. We find that the merits of the present appeal are governed by our decision in that case. While it is true that, unlike the plaintiff in *Roundhouse,* the present plaintiff was a materialman rather than a general contractor and, accordingly, was required by § 49-35 of the General Statutes to give to the defendant written notice that it was furnishing materials and intended to claim a lien therefor, this circumstance is not sufficient to cure the constitutional deficiencies which we noted in the *Roundhouse* case.

The judgment of the trial court indicates that the parties to this action had reached an agreement

as to the form of the judgment which instead of being in the form of a foreclosure judgment was for the recovery of a fixed sum with interest and costs. Since the record before us is not sufficient for a determination as to a proper direction to the trial court in the light of that agreement, we limit our conclusion to a finding of error and a remand for further proceedings in accordance with this opinion.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.