### 30342. TUCKER DOOR & TRIM CORPORATION v. FIFTEENTH STREET COMPANY et al.

JORDAN, Justice.

This case involves the constitutionality of Code § 67-2001 et seq., as amended, providing for the creation and foreclosure of materialmen's liens.

The appellant filed its complaint in the Civil Court of Fulton County to foreclose its materialman's lien against the appellees as owners of the property on which materials furnished by the appellant were used. The complaint alleged that the contractors who had contracted with the appellant for the materials had been adjudicated as bankrupts.

The appellees filed a motion to dismiss the complaint on the ground, as stated in their brief, that Code §§ 67-2001 and 67-2002, as amended, "which permit the filing of a materialman's lien without notice or opportunity for a hearing at any meaningful time or in any meaningful

manner constitute the taking of a significant property interest without the due process of law," in violation of the Fourteenth Amendment of the United States Constitution (Code § 1-815) and Art. I, Sec. I, Pars. II, III, and IV of the Georgia Constitution (Code Ann. §§ 2-102, 2-103, 2-104).

The trial judge sustained the motion and dismissed the complaint. The appeal is from this judgment.

The appellant asserts that this court, in *Prince v. Neal-Millard Co.*, 124 Ga. 884 (53 SE 761) (1906), determined that a predecessor materialmen's lien statute was constitutional, and that the present statute does not differ procedurally in any significant way from the statute. However, the present materialmen's lien statutes must be examined in the light of the following recent decisions of the United States Supreme Court: Sniadach v. Family Finance Corp., 395 U. S. 337 (89 SC 1820, 23 LE2d 349) (1969); Fuentes v. Shevin, 407 U. S. 67 (92 SC 1983, 32 LE2d 556) (1972); Mitchell v. W. T. Grant Co., 416 U. S. 600 (94 SC 1895, 40 LE2d 406) (1974); North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U. S. 601 (95 SC 719, 42 LE2d 751) (1975). All of these cases deal with the constitutionality of statutes which permit the seizure of property without prior notice and hearing.

The Georgia materialmen's lien statutes provide for the filing of the claim of lien in the office of the clerk of the superior court of the county where the property is located on which the materials are used, specifying the amount claimed to be due. Action must be commenced for the recovery of the amount claimed within twelve months from the time it becomes due. The owner of the property on which the materials are used may discharge the lien by filing a bond in double the amount claimed under the lien.

The Georgia materialmen's lien statutes differ from those statutes dealt with in the United States Supreme Court cases cited. The filing for record of the claim of materialmen's lien does not deprive the owner of possession of his property. It is not until foreclosure of the lien, after a full judicial proceeding, that any judgment attaches against the property.

The filing of the claim of lien may make it difficult

for the owner to find a buyer for the property, but it does not prevent its sale or encumbrance, and the owner may discharge the lien by filing proper bond. The claim of lien automatically terminates unless action for recovery of the amount claimed as commenced within twelve months from the time it becomes due.

The filing of the claim of lien is similar to a lis pendens notice. It gives notice to subsequent purchasers of the property, or persons who might extend credit thereon, that there is a superior charge on it; and gives protection to the materialman until his claim can be foreclosed.

Furthermore, an important public interest is served in the imposition of the lien in favor of materialmen. In Cook v. Carlson, 364 FSupp. 24, 29 (1973), the United States District Court for the District of South Dakota, in ruling that South Dakota's mechanics' and materialmen's lien statutes were constitutional, expressed this public interest in the following language: "In the case of a mechanics' and materialmen's lien, where use of the property is only incidentally and partially hampered, it is the view of this court that there exists a basic and important public interest in the summary imposition of the lien. The mechanics' and materialmen's lien originated in the necessity of protecting the construction industry and those in its employ. Labor and materials contractors are in a particularly vulnerable position. Their credit risks are not as diffused as those of other creditors. They extend a bigger block of credit, they have more riding on one transaction, and they have more people vitally dependent upon eventual payment. They have much more to lose in the event of default. There must be some procedure for the interim protection of contractors in this situation. A contractor must have some protection against subsequent bona fide purchasers between the time he completes the work and the time he gets a judgment."

In Spielman-Fond, Inc. v. Hanson's Inc., 379 FSupp. 997 (1973), the United States District Court for the District of Arizona held that Arizona's mechanics' and materialmen's lien statutes were not unconstitutional, finding that the filing of the lien does not amount to the

taking of a significant property interest.

In Ruocco v. Brinker, 380 FSupp. 432 (1974), the United States District Court for the Southern District of Florida upheld the constitutionality of Florida's mechanics' lien law.

We conclude that the Georgia materialmen's lien statutes do not deprive property owners of a significant property interest without notice and hearing (compare *Wood v. Atkinson,* 231 Ga. 271 (201 SE2d 394) (1973)), and that they serve an important public interest. The statutes are not unconstitutional under the rationale of the United States Supreme Court cases cited in this opinion.

The trial judge erred in dismissing the appellant's foreclosure complaint.

*Judgment reversed. All the Justices concur.*

Argued October 7, 1975 — Decided December 2, 1975 — Rehearing denied December 15, 1975.

*Rubin & Appel, Martin H. Rubin, Robert Strickland, Jr.,* for appellant.

*Powell, Goldstein, Fraser & Murphy, Randall L. Hughes, Karen Wildau,* for appellees.