■ JOHN W. GALLIGAN, Respondent, v EDWARD MALZ et al., Appellants. —Appeal from an order of the Supreme Court at Special Term, entered March 20, 1976 in Sullivan County, which denied defendants' motion to dismiss a complaint seeking the foreclosure of a mechanic's lien. In the spring of 1975, plaintiff prepared a field survey of a certain parcel of property owned by defendants in Mohican Lake, Sullivan County, and thereafter filed in the Sullivan County Clerk's office a mechanic's lien in the amount of $300 against the surveyed property. Subsequently, pursuant to section 20 of the Lien Law, this lien was discharged by defendants' payment of $303 including interest to the date of deposit to the Sullivan County Clerk, and, as a result, there remained in effect only a lien against the deposited funds. Seeking the foreclosure of this remaining lien, plaintiff later served a summons and complaint upon defendants, who responded by moving to dismiss the complaint and vacate a *lis pendens* filed at the commencement of the action. In its order, Special Term canceled the *lis pendens,* but denied defendants' motion in all other respects. We hold that the order of Special Term must be affirmed. The sworn affidavits of a process server indicate that defendants were properly served in accordance with CPLR 308 (subd 4) and their accuracy was not challenged at Special Term. Moreover, the complaint plainly states a cause of action in which plaintiff seeks to foreclose the lien and recover out of the funds deposited with the county clerk moneys due him for services rendered. Contained in said complaint is the necessary allegation that the survey was prepared for use in connection with the improvement of real property (see Lien Law, § 2, subd 4), and resolution of this factual issue must properly await a trial. Defendants' remaining contention, that the Lien Law unconstitutionally deprives real property owners of due process of law by permitting the filing of mechanic's liens without prior notice to the property owner and without giving such owner a prior opportunity to be heard, is likewise without merit (*Mitchell v Grant Co.,* 416 US 600). Order affirmed, with costs. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.