KEITH YOUNG & SONS CONSTRUC-
TION COMPANY, Appellee,

v.

VICTOR SENIOR CITIZENS HOUSING,
INC., and Big Hawk Company,
Appellants.

No. 59948.

Supreme Court of Iowa.

Feb. 22, 1978.

Eells, Blackstock, Affeldt & Harms, Cedar Rapids, for appellants.

Harned, McMeen & Steffes, Marengo, for appellee.

UHLENHOPP, Justice.

The principal issue in this appeal relates to the constitutionality of our statute which permits a person to impress a mechanic's lien upon property by filing a verified statement or account. Code 1975, § 572.8.

Defendant Big Hawk Company contracted with defendant Victor Senior Citizens Housing, Inc. to construct a building. Thereafter Big Hawk subcontracted with plaintiff Keith Young & Sons Construction Company to bring in dirt, sand, and rock for fill. Young performed the subcontract, but Big Hawk and Young disagreed as to the terms of their agreement. Big Hawk made a payment but Young filed a mechanic's lien for the additional amount it claimed— $2615.15 plus interest from May 9, 1976. Big Hawk made written demand that Young commence action within 30 days to foreclose the lien, which Young did.

After consideration of the evidence, the trial court found that Big Hawk owed a balance of $2454.02 and foreclosed the lien for that amount, plus interest from November 8, 1975. Big Hawk and Victor appealed.

In this court Big Hawk and Victor present two questions: (1) Did Big Hawk pay all that it owned Young? and (2) Does our statute permitting imposition of a mechanic's lien by filing a verified statement or account provide procedural due process of law?

■ I. As to the first question, mechanics' liens are foreclosed in equity, § 572.26, and so our review is de novo. *Kaltoft v. Nielsen*, 252 Iowa 249, 106 N.W.2d 597. We give weight to the trial court's fact findings, but we are not bound by them. Rule 14(f)(7), Rules of Appellate Procedure.

■ In reviewing the appendix, we have given weight to the trial court's findings, although we have independently examined the evidence. Upon so doing we conclude that the trial court reached an equitable result in holding the principal sum of $2454.02 to be due, with interest. We modify the decree, however, by ordering that the interest on the principal sum run from May 9, 1976. See Code 1975, § 572.26.

II. The other question involves the notice and hearing elements of procedural due process. U.S.Const. Amend. XIV, § 1; Iowa Const. Art. I, § 9. In common with other states, we have held generally that our mechanic's lien statute is constitutional. *Aalfs Wall Paper & Paint Co. v. Bowker*, 179 Iowa 726, 162 N.W. 33; see 53 Am. Jur.2d Mechanics' Liens § 11 at 530–531; 57 C.J.S. Mechanics' Liens § 3 at 497–498.

Chapter 572 of the Code contains the provisions regarding mechanics' liens. Section 572.2 grants the lien to any person who furnishes labor or material in construction, alteration, or repair of a building or land. Section 572.8 provides:

Every person who wishes to avail himself of a mechanic's lien shall file with the clerk of the district court of the county in which the building, land, or improvement to be charged with the lien is situated a verified statement or account of the demand due him, after allowing all credits, setting forth:

1. The time when such material was. furnished or labor performed, and when completed.

2. The correct description of the property to be charged with the lien.

Under § 572.9, a contractor has 90 days and a subcontractor 60 days from the last item in which to file the lien. The contractor's unfiled lien is not lost after 90 days unless the property is transferred or encumbered. *Crane Co. v. Westerman*, 232 Iowa 1394, 8 N.W.2d 412. A subcontractor who does not file within 60 days also has certain rights, which are spelled out in §§ 572.10 and 572.11.

A mechanic's lien must be enforced within two years from the expiration of the 90 or 60 days, as the case may be. § 572.27. Section 572.28 also provides:

Upon the written demand of the owner, his agent, or contractor, served on the lienholder requiring him to commence action to enforce his lien, such action shall be commenced within thirty days thereafter, or the lien and all benefits derived therefrom shall be forfeited.

As to notice and hearing, Big Hawk and Victor rely principally on the decisions of *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349; *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, reh. den. 409 U.S. 902, 93 S.Ct. 177, 34 L.Ed.2d 165; *Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406; *North Georgia Finishing Inc. v. Di-Chem., Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751; *Carey v. Sugar*, 425 U.S. 73, 96 S.Ct. 1208, 47 L.Ed.2d 587; *Thorp Credit, Inc. v. Barr*, 200 N.W.2d 535 (Iowa), cert. dism. 410 U.S. 919, 93 S.Ct. 978, 35 L.Ed.2d 581; and *Stoller Fisheries, Inc. v. American Title Ins. Co.*, 258 N.W.2d 336 (Iowa). The latter case contains a comprehensive analysis of the decisions.

■ A mechanic's lien, like other artisans' liens, presents a somewhat different situation than remedies which involve deprivation of a person's possession of chattels by writ of replevin or deprivation of wages or funds by garnishment. As to liens generally, most courts hold "the fact that no notice or hearing is provided for by a statute creating a lien before such lien attaches, does not render such statute violative of

due process . . . ." 16A C.J.S. Constitutional Law § 631 at 884. From this we conclude that the 90- and 60-day provisions are valid, and that the real issue is whether the perfection of the lien by simple filing is constitutional.

Involved here is a balance between protection of mechanics and materialmen, on one side, and owners, on the other. The realities indicate that mechanics and materialmen need some readily-available security. If the owner experiences financial difficulty, for example, creditors may close in. A scramble for security and priority develops. If the mechanics and materialmen must go through notice and hearing to perfect their liens, the owner may encumber or convey the property in the meantime or creditors may obtain prior liens on the very property that the mechanics and materialmen improved. The mechanic's lien device permits the diligent mechanic and materialman, who created the improvement, to obtain some protection.

■ Although a mechanic's lien curtails the owner's ability to alien or encumber the property freely, it does not itself deprive him of use or possession of the property. Thus the lien is less drastic than seizing chattels under an ex parte writ of replevin or cutting off wages or funds by garnishment. Moreover, the owner is not helpless against the lien; by the simple expedient of written demand, he can compel the lienholder to commence foreclosure within 30 days or lose the lien. This court has said that § 572.28 is in the nature of a statute of limitation for 30 days from demand. *Woodruff & Son v. Rhoton*, 251 Iowa 550, 101 N.W.2d 720. The lien terminates after 30 days unless the lienholder forecloses, and if the lienholder timely forecloses the owner has all the due process safeguards which a civil lawsuit affords. Moreover, in the suit the owner is not compelled to rid his property of the lien; rather, the onus is on the lienholder to substantiate and enforce the lien. *Huffman v. Hill*, 245 Iowa 935, 65 N.W.2d 205 (burden on lienholder).

This statutory scheme, giving the mechanic and materialman protection prior to suit without ejecting the owner from his property, and giving the owner power at any time to require a plenary suit within 30 days, appears to us to constitute a tolerable legislative adjustment between security for those who improve the property and the interest of the owner. We know from the opinions we have cited, including the Stoller Fisheries decision, that not every step in the enforcement of creditors' rights requires employment of the full panoply of due process elements, at least if those elements will be forthcoming before final decision. See also *Corn Exchange Bank v. Coler*, 280 U.S. 218, 50 S.Ct. 94, 74 L.Ed. 378; *Public Clearing House v. Coyne*, 194 U.S. 497, 24 S.Ct. 789, 48 L.Ed. 1092.

Other courts have dealt with the mechanic's lien-due process issue and have arrived at the conclusion we reach. With a statute like ours, the issue appears closed in the United States Supreme Court, in favor of constitutionality, by *Spielman-Fond, Inc. v. Hanson's Inc.*, 379 F.Supp. 997 (D.Ariz., 3-judge court), aff'd 417 U.S. 901, 94 S.Ct. 2596, 41 L.Ed.2d 208. Accord: *In Matter of Northwest Homes of Chehalis, Inc.*, 526 F.2d 505 (9 Cir.); *B & P Development v. Walker*, 420 F.Supp. 704 (W.D.Pa.); *Thomas A. Cary, Inc. v. National Permanent Federal Sav. & Ln. Ass'n*, 412 F.Supp. 667 (E.D. Va.); *Ruocco v. Brinker*, 380 F.Supp. 432 (S.D.Fla.); *Cook v. Carlson*, 364 F.Supp. 24 (D.S.D.); *Connolly Development, Inc. v. Superior Court of Merced County*, 17 Cal.3d 803, 132 Cal.Rptr. 477, 553 P.2d 637; *Bankers Trust Co. v. El Paso Pre-Cast Co.*, 560 P.2d 457 (Colo.); *Tucker Door & Trim Corp. v. Fifteenth Street Co.*, 235 Ga. 727, 221 S.E.2d 433; *Carl A. Morse, Inc. v. Rentar Industrial Development Corp.*, 56 A.D.2d 30, 391 N.Y.S.2d 425; *Galligan v. Malz*, 55 A.D.2d 733, 389 N.Y.S.2d 432; *Silverman Gossett*, 553 S.W.2d 581 (Tenn.). The following decisions are generally distinguishable: *Briere v. Agway, Inc.*, 425 F.Supp. 654 (D.Vt.); *Bay State Harness Horse Racing & Breeding Ass'n v. PPG Industries, Inc.*, 365 F.Supp. 1299 (D.Mass.); *Clement v. Four North State Street Corp.*, 360 F.Supp. 933

(D.N.H.); *Gunter v. Merchants Warren National Bank*, 360 F.Supp. 1085 (D.Me.); *Owens-Corning Fiberglass Corp. v. Lewis*, 169 Conn. 76, 362 A.2d 968; *Roundhouse Const. Corp. v. Telesco Masons Supplies Co.*, 168 Conn. 371, 362 A.2d 778, vac. and remanded, 423 U.S. 809, 96 S.Ct. 20, 46 L.Ed.2d 29, on remand, 170 Conn. 155, 365 A.2d 393; *Barry Properties, Inc. v. Fick Bros. Roofing Co.*, 277 Md. 15, 353 A.2d 222.

We conclude that our mechanic's lien statute does not deprive Big Hawk and Victor of due process.

We thus uphold the decree, with the modification as to interest.

MODIFIED AND AFFIRMED.

All Justices concur.