## 33379. FAYETTEVILLE-85 ASSOCIATES, LTD. v. SAMAS, INC.

BOWLES, Justice.

This case challenges the constitutionality of Code Ann. § 67-2002, as amended, providing for the creation, recording and notice of materialmen's liens. Appellant complains that the Code section permits a person claiming to be a creditor to deprive and interfere with the use of property owned by a nonjudgment debtor, under the aegis of law and by the use of facilities of the state, without judicial supervision, without a preliminary hearing and without opportunity for an immediate hearing after the deprivation and interference with the use of the property, all in contravention of Art. V and Art. XIV of the Constitution of the United States, and Art. I, Sec. I, Par. I of the 1976 Constitution of Georgia.

Appellant, a limited partnership, is the owner of a

tract of real property in Fayette County, Georgia. The partnership entered into a contract with Metro Development Corporation, a general partner of the partnership and a contractor, to build a shopping center upon the land. Before construction began, appellant secured a loan which provided for periodic draws for payment of labor and materials and which was conditioned upon title to the property remaining free of liens and encumbrances.

Samas, Inc., a corporation engaged in the construction business, filed a materialman's lien for $78,524 against the property owned by appellant, claiming the amount in satisfaction of a claim for materials sold, delivered and used, and for work, labor, and services performed for the improvement of the Fayette County property. The filing indicating a lien created a cloud upon appellant's title, which denied appellant further draws from the construction loan.

Appellant filed suit against Samas, Inc., alleging that it was not a materialman who had supplied any building materials, work, labor or services for the improvement of the real estate in question, and that the lien was filed without cause, maliciously and wilfully. Appellant prayed that Code Ann. § 67-2002 be declared unconstitutional and that appellee be restrained and enjoined from maintaining and continuing the lien on appellant's property, and from otherwise interfering with the use and enjoyment of the property.

The trial court denied an interlocutory injunction and refused to rule upon the constitutionality of Code Ann. § 67-2002. Appeal is taken from this judgment.

The same constitutional attacks on Code Ann. § 67-2002 have been considered and rejected in *Tucker Door &c. Corp. v. Fifteenth St. Co.,* 235 Ga. 727 (221 SE2d 433) (1975). In that case, the materialmen's lien statute was upheld on due process grounds after careful study of United States Supreme Court decisions dealing with the constitutionality of statutes which permitted the seizure of property without prior notice and hearing. (See Sniadach v. Family Finance Corp., 395 U.S. 337 (89 SC 1820, 23 LE2d 349) (1969); Fuentes v. Shevin, 407 U.S. 67 (92 SC 1983, 32 LE2d 556) (1972); Mitchell v. W. T. Grant

Co., 416 U.S. 600 (94 SC 1895, 40 LE2d 406) (1974); North Ga. Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601 (95 SC 719, 42 LE2d 751) (1975)).

We agree with the holding of *Tucker Door &c. Corp.* that the Georgia materialmen's lien statutes do not deprive property owners of a significant property interest without notice and hearing. Although some use of property may be curtailed, the owner is not legally prevented from selling, encumbering, renting or otherwise dealing with his property as he chooses. Balancing this, an important public interest is served by the imposition of a lien in favor of materialmen. Similar rights are accorded laborers.

Appellant's reliance on *Coursin v. Harper,* 236 Ga. 729 (225 SE2d 428) (1976), is misplaced in that there the court found an actual taking of the debtor's property under the then applicable garnishment statute.

We find the reasoning of *Tucker Door &c. Corp.* to be sound and uphold the constitutionality of Code Ann. § 67-2002 on due process grounds. It was not error for the trial court to fail to enjoin appellee from maintaining a lien against the property of appellant.

*Judgment affirmed. All the Justices concur.*

Argued March 15, 1978 — Decided April 4, 1978.

*Worozbyt & Nodvin, Marvin P. Nodvin,* for appellant.